THE STATE v. THE PRESIDENT, DIRECTORS AND COM-
PANY OF THE TOMBECKBEE BANK.

Where a penalty is incurred under a statute, it must be recovered
while the statute is in force; and when the statute is repealed, pen-
alties incurred under it, though before the repeal, cannot be re-
covered.

THIS was a writ of error sued out by the State, to re-
verse the judgement of the Circuit Court of Washington
county, on a motion made in said Court at the November
term, 1826, by the State against the Bank, for the reco-
very of a penalty of two thousand dollars, incurred by the
President, Directors and Company of said Bank, for hav-
ing failed to pay as required by law, into the Treasury of
the State, on or before the 1st day of January, 1824, a tax
at the rate of fifty cents on each share of one hundred
dollars of the capital stock of the Bank, according to the
provisions of a statute.

The solicitor produced before the Court a notice is-
sued by the comptroller of public accounts, dated the 21st
September, 1826, notifying the Bank that said motion
would be made. The notice was published in a newspa-
per printed in the town of Tuscaloosa, called the Alaba-
ma Sentinel; and he also produced the certificate of the
comptroller, dated the 26th of October, 1826, certifying
that the President, Directors and Cashier, had failed to
pay into the treasury the taxes due on the 1st of January,
1824, and moved for judgement for the amount of the
penalty.

JANUARY 1828.

The State
v.
The Tombeckbee
Bank.

a Acts of 1825,
page 47.

PARSONS, as amicus curiæ, moved the Court to quash the notice, on the ground that the law requiring said notice to be published in the newspaper printed in Tuscaloosa *a* was passed after the penalty of two thousand dollars had accrued. The Court sustained said motion and overruled the motion made by the solicitor, and the defendants were discharged.

The refusal of the Court to sustain the motion of the solicitor, and the quashing of the notice, are the errors assigned.

JUDGE TAYLOR delivered the opinion of the Court.

THIS motion was made to recover the penalty of two thousand dollars incurred under the fifth section of the act passed 27th December, 1822, entitled an act to raise a revenue for the support of government, until otherwise provided by law. *b* The fifth section of that act provides, that on all shares of bank stock in any bank in the State, held by any individual, partnership or body corporate, there shall be levied and collected yearly, a revenue at the rate of fifty cents on each share of one hundred dollars ; and the President and Directors or Cashier, on making out their last dividend for each year, shall return the said amount of taxes, and pay the same into the treasury of this State, and shall produce the treasurer's receipt, on or before the first day of January, in every year ; and on failure thereof, the President and Directors of said Bank, or any number of them in their corporate capacity, shall pay to the State two thousand dollars.

b Laws Ala. 754.

c Acts of 1824,
page 52, 57.

On the 25th December, 1824, an act was passed *c* of the same title with the one passed 27th December, 1822, the 16th and last section of which, repeals in express terms the act of 1822.

The motion in this case was made to recover the penalty incurred by the Bank, on account of a failure to pay into the State Treasury fifty cents on each share of the stock held by individuals in said Bank, on or before the first day of January, 1824.

The case has been submitted to the Court, to determine whether the repeal of the act imposing the penalty, does not entirely divest the State of any right to recover. On this question there cannot be a doubt. The repeal of any act imposing a penalty or other punishment, exonerates all persons who may have violated the provisions

of the law, and against whom there has not been judge-ment during the time it was in force, from the penalties or punishments imposed by it. This principle is as old as the law itself, and I believe not one case can be found to sustain a contrary doctrine.

In support of the opinion of the Court, see 6 Bacon 451; 1 Hale P. C. 391; 5 Cranch 281; 6 do. 229; 4 Dallas 373. Judgement affirmed.

PERKINS, Attorney General, and HITCHCOCK, for the State.

PARSONS, for the defendants.

JUDGE CRENSHAW not sitting.

NOTE. Two similar causes for the penalties accrued in 1822 and 1823 were at the same time similarly decided. For previous decisions under the same statute, see Minor's Ala Rep. 425; Tombeckbee Bank aginst the State. Also, Crawford against the State, same book, page 143, and Judson against the State, ib. p. 150.