FREEMAN *vs.* THE STATE.

1. No recovery can be had on a penal statute, after its repeal.

2. By the statute of 1836, to amend and consolidate the laws on the subject of the public roads, the erection of, or casting an obstruction across a public road, is the offence made indictable, and before any one can be convicted under the same, he must act, and not remain merely passive, by suffering the obstruction to remain after the passage of the act, which he had erected before its passage.

3. Where a defendant, since the passage of the act aforesaid, instead of merely suffering the obstructions to remain, within twelve months before the finding of the indictment, does by himself or his agent, any act shewing an intention to preserve a nuisance, such for example, as making up the fence, laying on rails, or other materials to raise or preserve the fence :— such an act would expose the offender to the penalties in the statute contained.

Error to the Circuit court of Dallas county.

At the spring term, eighteen hundred and thirty-seven of the said court, the grand jurors for the county, upon their oaths, presented, that on the sixth day of February, in the year of our Lord eighteen hundred and thirty-seven, there was, and from that time hitherto had been, and still was, to wit, in said county, a certain public road of the first grade, called and known as the Cahawba and Pensacola State road; and the jurors aforesaid, upon their oaths presented, that Fleming Freeman, late of the said county, on the seventh day of March, eighteen hundred and thirty-seven, did then and there, to wit, in the said county, unlawfully alter and change said public road, and which alteration and change was not made by order of

the Commissioners court, founded on the report of a jury appointed and sworn, as in case of laying out new roads, nor was said alteration and change done to straighten said road through enclosures, or to render it more convenient to the public,—contrary to the statute in such case made and provided, and against the peace, &c.

And the jurors aforesaid, upon their oaths aforesaid, did further present, that said Fleming Freeman, on the day and year last aforesaid, and at the county aforesaid, did then and there unlawfully erect a fence across said public road, and did not remove the same within twenty-four hours thereafter, to the great obstruction, hindrance and inconvenience of persons travelling thereon, and contrary to the statute in such case made and provided, and against the peace, &c.

And the jurors aforesaid, on their oaths aforesaid, did further present, that said Fleming Freeman, on the day and year last aforesaid, in the county aforesaid, did then and there unlawfully cause to be erected, a fence across said public road, and did not remove the same within twenty-four hours thereafter, to the hindrance, and inconvenience and obstruction of all persons travelling thereon, and contrary to the statute, &c. and against the peace, &c.

To this indictment, the defendant, when arraigned pleaded, *non culpabilis*, and *non culpabilis infra unam annum*, &c.

And at the Fall term, in the year first aforesaid, of the said court, came the solicitor of the circuit, and the defendant, and a jury of good and lawful men of said county, who being elected, tried and sworn, well and truly to try the issue joined, on their oaths said, they found the defendant guilty, in manner and form as charged in the bill of indictment, and assessed his fine at seventy-five dollars: It was therefore considered by the court, that the State of Alabama, for the use of Dallas county, recover of the said defendant—

the said sum of seventy-five dollars, so by the jury aforesaid assessed, and the costs in that behalf expended, &c.

The bill of exceptions stated, that on the trial of the case, the following points were reserved for the consideration of the Supreme court. It appeared from the evidence adduced, that the alteration of the course of the public road described in the indictment, and the obstruction thereof, 'charged in the indictment, if any such had occurred, were made and erected before the passage of the act to amend and consolidate the laws on the subject of the public roads, approved December twenty-third, eighteen hundred and thirty-six; and also had been made twelve months prior to the finding of the indictment, and that the alteration, change and obstruction, continued to remain on said public road, till the finding of this indictment: whereupon, the defendant requested the court to instruct the jury, that on both or either of these grounds, the defendant was entitled to an acquittal under the indictment: that the law in force, when the alteration, change and obstruction were made and erected on said public road, had been repealed by the subsequent act of December, eighteen hundred and thirty-six, the title of which is above recited: also, that the offence charged, if any had been committed, was barred by the statute of limitations. These instructions, the court refused to give—on the contrary, the judge charged, that it appeared in evidence, that the alteration, change and obstruction above referred to, continued to exist up to the finding of the indictment, and the defendant was subject to conviction for said continuation, change and obstruction, notwithstanding it had been made and erected before the passage of the last recited act, and had been erected more than twelve months before the finding of the indictment. The defendant then requested the court to reserve the points above made and decided, as also the question

whether the indictment was sufficient to sustain a conviction for a continuation of the obstruction, as above supposed, as novel and difficult, for the opinion of the Supreme court.

And at this term the plaintiff in error assigned—

1. That the court erred in charging the jury, that the offence charged in the indictment, was not barred by the statute of limitations.

2. The court erred in charging the jury, that the defendant was subject to conviction for *the continuation* of the obstruction across the public road.

3. The court erred in charging the jury, that although the offence was committed before the passage of the act of December, eighteen hundred and thirty-six, yet that *the continuation* of the obstruction, till the finding of the indictment, subjected the defendant to conviction for said offence.

4. The court erred in refusing to instruct the jury, that the offence charged in the indictment, was barred by the statute of limitations.

5. That the court erred as stated in the points reserved, as appears from the record.

*Edwards,* for the plaintiff in error.
*Attorney General,* contra.

ORMOND, J.—This was an indictment against the plaintiff in error for obstructing a public highway. The indictment contained three counts; one for changing a public road, the other, for erecting a fence across the public road. The defendant pleaded not guilty, and the statute of limitations.

On the trial of the cause, it was proved that the alteration of the course of the public road, described in the indictment, and the obstruction thereof, charged in said indictment, were made and erected before the passage of the act to amend and consolidate the laws on the subject of the public roads, approved December 3d,

1836, and also had been, twelve months prior to the finding of this indictment; and that the alteration, change and obstruction, continued to remain on said public road, until the finding of this indictment: whereupon, the counsel for the defendant, requested the court to instruct the jury—that on both, or either of these grounds, the defendant was entitled to an acquittal under this indictment; that the law in force, when the alteration, change and obstruction, were made and erected on said public road, had been repealed by the subsequent act of December 1836—also, that the offences charged, if any had been committed, were barred by the statute of limitations. These instructions, the court refused to give, and charged the jury, that as it appeared in evidence, that the alteration, change and obstruction above referred to, continued to exist up to the finding of the indictment, the defendant was subject to conviction for said continuation, change and obstruction, notwithstanding it had been made and erected before the passing of the act last recited; and had been, more than twelve months before the finding of the indictment.

The jury found a verdict against the defendant; and by the direction of the court, the questions of law arising out of the evidence and charge of the court, are reserved for the revision of this court, as novel and difficult, and now assigned for error.

It is admitted by the attorney general, that the first count for changing the road, cannot be sustained. The only remaining question, is, whether an indictment can be sustained under the act of December 1836—for an obstruction of a public road by running a fence across it, previous to the passage of that law, and more than a year before the finding of the indictment.

It is a well settled principle, and has been so decided by this court, that no recovery can be had on a penal statute after its repeal.* And the act of December 1836,

* 1 Stewart, 347.

contains a clause repealing all acts in conflict with it. There can be no doubt that is the case here; and the attorney general has very properly conceded, that if this indictment can be sustained, it must be on the act above mentioned, of 1836. The section which controls this case, is in these words: "If any person shall alter or change a public road, unless by order of the Commissioners court, founded on the report of a jury, appointed and sworn as in the case of laying out new roads, or unless it be done to straighten said road through enclosures, or to render it more convenient to the public; or if any person shall erect, or cause to be erected across any public road, a fence, bar, or other impediment, or fell a tree or brush, or other obstacle on or across the same, and shall not remove it within twenty-four hours thereafter, he shall be liable to indictment, and on being found guilty, shall be fined in any sum the jury trying the offence may assess."[*]

The indictment is founded on this statute, and is not for the continuation of a nuisance at common law. If by this statute, it is the erection of, or casting an obstruction across, the public road, which is the offence made indictable by the act, then the charge of the court upon the evidence cannot be sustained, and we think the statute can admit of no other construction. We do not however assent to the proposition contended for, that the act of the legislature legitimated all nuisances of this character, existing at its passage. The doctrine of the common law is, that no length of time legitimates a nuisance— *Weld vs. Hornby;*[†] *Mills vs. Hall.*[‡]

The act manifestly contemplates, that before any one can become obnoxious to its provisions, he must act, and not remain merely passive, by suffering the obstruction to remain, after the passage of the act, which he had erected before its passage. If instead of merely suffering the obstruction to remain, the proof had been, that

---

[*] pp. 12, s. 5, acts 1836.    [†] 7 East, 199.    [‡] 9 Wend. 315.

6P    45

after the passage of the last act, and within twelve months before the finding of the indictment, the plaintiff had, by himself, or his agent, done any act, shewing an intention to preserve the nuisance, such for example, in this case, by making up the fence, or laying on rails, or other material to raise or preserve the fence; such act would subject the offender to the penalties of the law we are commenting on.

We are confirmed in this opinion by the established forms, of indictments at common law, for continuing a nuisance; they allege not the creation of, but the continuance of the nuisance.*

The judgment must be reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.

---

* See Archbold's Cr. Pl. 478, and authorities there referred to.