## THE STATE v. ALLAIRE.

1. No recovery, or conviction, can be had on a penal statute, after its repeal, unless there is a special clause in the repealing statute, allowing it, although the indictment was found previous to the repealing act.
2. Since the passage of the act of March, 1848, "to provide for the assessment and collection of taxes," a pool table may be exhibited under a license, and those who bet at it are not punishable under the 12th section of the 6th chapter of the penal code, though the indictment was found previous to the passage of the act first mentioned.

On points referred as novel and difficult from the criminal court of Mobile. Before the Hon. John E. Jones.

THE defendant was indicted for betting at a gaming table called a pool table, which indictment was found at the November term, 1847. The jury found a special verdict, finding that the defendant did bet at the game of pool, as charged, and described the game as a combination of skill and chance, played upon a billiard table. Upon this verdict the

court, at the June term, 1848, when the trial was had, rendered judgment against the defendant, but referred the question to this court, as one of novelty and difficulty.

ATTORNEY GENERAL, for the State.

J. A. CAMPBELL, for the defendant.

COLLIER, C. J.—The 12th section of the 6th chapter of the Penal Code enacts, that "if any person shall hereafter be guilty of keeping or exhibiting any gaming table called A. B. C., or E. O., or Roulette, or Rowley Powley, or *Rouge et Noir*, Thimbles, sometimes called Three Ticket Lottery, Chucker Luck, or Faro Bank; or shall keep and exhibit any other gaming table, or bank of the like kind, or of any other description, under any other name or denomination, or without any name therefor, or shall in any manner be interested or concerned in the keeping, exhibiting or carrying on, any such table, bank, or game, each and every person so offending, and being thereof so convicted, shall be punished by imprisonment in the penitentiary for two years." The fourteenth section declares, that "if any person shall bet, or be concerned in betting at any of the gaming tables or banks before mentioned, or particularly described, or referred to in general terms, such person shall, upon conviction, be fined in a sum not exceeding one hundred dollars." To warrant the conviction of one charged with an offence against the latter section, it is necessary to show that he bet, or was concerned in betting at one of the gaming tables or banks denounced by the former. See the State v. Mosely, at this term. If the table or bank was one, for the licensing of which the law provided, the betting does not come within the statute, and no punishment can be inflicted.

In the present case, the indictment was found previous to the passage of the act of March, 1848, "to provide for the assessment and collection of taxes," yet we need not inquire whether the offence charged was punishable previous to this enactment; for it expressly authorizes a license to be granted, upon the payment of a certain sum, to keep a billiard and

pool table, and the exhibition of other devices that may be used for gaming. It is clear that a pool table, whatever may have been its character previous to the act last cited, can now be exhibited under a license, without incurring a penalty; and this being so, one who bets at such a table is not punishable under the statute. This is sufficiently shown by The State v. Mosely, *supra*.

It is well settled, that no recovery or conviction can be had on a penal statute after its repeal, or the offence against which it is directed, is divested of criminality, unless there is a special clause allowing it. See The State v. The Tombeckbee Bank, 1 Stew. Rep. 347; Freeman v. The State, 6 Port. Rep. 372; U. S. v. Passmore, 4 Dall. Rep. 372; 9 Bac. Ab. 225 to 226, Bouv. ed. If then the indictment was good when it was found, no conviction could be had on it after the passage of the last revenue act, for the reasons we have stated; and the judgment of the circuit court is therefore reversed.