## CARLISLE *vs.* THE STATE.

[PEDDLING WITHOUT LICENSE.]

1. *Peddling of wares, manufactured in this State, without license.*—The act of 7th of December, 1866, repealed the 11th sub-division of the 4th section of the act of 22d February, 1866, in so far as that sub-division required manufactures of shoes, tin, or pig ware, who manufactured the same within this State, to procure a license to peddle the ware so manufactured, and no conviction could be legally had under this latter law since its repeal.

APPEAL from the Circuit Court of Randolph.
Tried before Hon. JOHN HENDERSON.

THE appellant was prosecuted, on the complaint of the solicitor, for peddling without a license. On the 5th September, 1867, a trial was had before a jury, on the plea of not guilty, and the defendant convicted. The other facts of the case are fully stated in the opinion of the court.

C. D. HUDSON, and JEFFERSON FALKNER, for appellant.
J. W. A. SANFORD, Attorney-General, *contra.*

A. A. WALKER, C. J.—§ 108 of the act of 22d February, 1866, (Pamphlet Acts, p. 36,) makes the doing a business without a license, for the doing of which a license is required, a misdemeanor. The 11th sub-division of the 4th section of the same act requires that a license should be obtained to peddle. For peddling in violation of this latter section the defendant was prosecuted. Pending the

prosecution, the act of 7th December, 1866, (Pamph. Acts, p. 85,) was passed. This act is in the following words: "Sub-division 11th of § 8, of chapter 1st, of an act entitled "an act to establish revenue laws of the State of Alabama, approved February 22d, 1866, shall not be so construed as to apply to and require any manufacturer of shoes, tin or jug ware, in this State, to procure license to peddle or sell their said wares manufactured by themselves." This act is incorrect in its reference to the section requiring licenses to be obtained, but it appears with sufficient certainty, that that was the law referred to.

The act of December 7th, 1866, obviously repeals the 11th sub-division of the 4th section of the act of 22d February, 1866, in so far as that sub-division requires manufacturers of shoes, tin or jug ware, who manufactured the same within this State, to procure a license to peddle the ware so manufactured. The defendant was a manufacturer of the tin ware within this State, for the peddling of which he was convicted. This appears by the bill of exceptions. His act of peddling, by virtue of such partial repeal, which was without reservation as to past offenses, ceased to be a misdemeanor before he was convicted by the circuit court. The law being thus repealed, no conviction could legally be had under it against the defendant.

The case of *Miles v. State*, 40 Ala. 39, was altogether different from this. Here there is a positive intent of the legislature clearly manifested by the latter act, that the older statute should have no operation to constitute the act alleged against the defendant an offense. Indeed, it seems to have been designed to take away from the older statute all effect from its passage, so far as the act of the defendant is concerned.

Reversed and remanded.