## BARROWS v. PEOPLE'S GASLIGHT & COKE CO. et al.

(Circuit Court, N. D. Illinois. December 5, 1895.)

CORPORATIONS—CONSOLIDATION—CONSTRUCTION OF STATUTES.

By the Illinois constitution any section of a statute which is amended must be inserted at length in the amending act (article 4, § 13); and by Rev. St. c. 131, § 2, any provisions of a later statute which are the same as those of a prior statute are to be construed as a continuation of such prior provisions, and not as a new enactment. The general incorporation law of 1872 contained a section providing, among other things, for the consolidation of corporations of the same kind, engaged in the same general business, and carrying on their business in the same vicinity, but that no more than two corporations "now existing" should be consolidated into one. In 1889, this section was amended by inserting new matter, not material here, and, pursuant to the constitutional provision, the whole section was repeated. *Held,* that the words "now existing" were to be construed as referring to the date of the original act, and that a number of corporations, two only of which were in existence at that date, might be consolidated under the amended act.

This was a suit in equity by complainant, Barrows, against the People's Gaslight & Coke Company and several other corporations

engaged in the same business.    The cause was heard upon a motion for an injunction pendente lite.

James P. Lowrey and S. S. Gregory, for the motion.

William Allen Butler, George Hunt, Adrian H. Joline, and Joseph A. Griffin, opposed.

SHOWALTER, Circuit Judge.    Section 13 of article 4 of the Illinois constitution of 1870 provides that:

"No law shall be revived or amended by reference to its title only, but the law revived, or the section amended shall be inserted at length in the new act."

Section 2 of chapter 131 of the Revised Statutes of Illinois is:

"The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions, and not as a new enactment."

The general incorporation law of 1872 contained a section providing, among other things, for the consolidation of corporations, wherein it was said:

"That the provisions of this act, in reference to the consolidation of corporations, shall only apply to corporations of the same kind, engaged in the same general business, and carrying on their business in the same vicinity, and that no more than two corporations now existing shall be consolidated into one, under the provisions hereof."

In 1889 this section was amended by the addition or insertion therein of certain words not material to the question here.    The language of the old section, including that above quoted, was, as required by the constitution, repeated in the new, and the sense of such language is not narrowed or limited by the matter added by way of amendment.    According to the statute on construction as above quoted, the provisions of the old section were not repealed by implication and re-enacted.    They appear to be the law of 1872, and not "a new enactment," to be read as of the date of the amendment in 1889.

Other provisions of the statute are as follows:

"Consolidation of one corporation with another shall not affect suits pending in which such corporation or corporations shall be parties; nor shall such changes affect causes of action, nor the rights of persons in any particular."

"In all cases when any company or corporation chartered or organized under the laws of this state, shall consolidate its property, stock or franchises with any other company or companies, such consolidated company shall be liable for all debts or liabilities of each company included in said consolidated company, existing or accrued prior to such consolidation, and actions may be brought and maintained, and recovery had therefor, against such consolidated company."

Complainant, a creditor of defendant corporations, or some of them, to the extent of $13,000 out of a total debt of near $22,000,-000 in bonds not due, but secured by mortgage made subsequently to the act of 1872 on the property of defendants, wants an injunction pendente lite to prevent apprehended consolidation, or attempts at consolidation, by defendant corporations, or alienations by them of mortgaged property.    The defendants deny any intention to alienate, but complainant persists in his contention that the threatened consolidation is unlawful, and that, if the franchise,

authority, or license to be a consolidated corporation is assumed by defendants, certain property interests in the way of franchises or easements claimed to be now subject to the mortgage may be lost or restricted. It is not urged that the security is scant, or, assuming the threatened consolidation to be lawful, that the value of the total property pledged will be less after the consolidation than before.

It seems to be the policy of Illinois, as expressed in the statutes, to permit "corporations of the same kind, engaged in the same general business, and carrying on their business in the same vicinity," —that is to say, corporations which, from the necessity of the case, are competitors in business,—to consolidate and form one corporation. The distinction between a consolidation of such corporations into one corporation, and a combination of the same as separate concerns into a "trust," so called, has been declared by the courts.

It is not contended on behalf of complainant that the defendant corporations here are not of the same kind, engaged in the same business, and in the same vicinity. The argument is that under the amendment of 1889 no more than two of these defendants may be consolidated, since all were incorporated prior to that amendment, and fall under the description "now existing," as repeated in connection with that amendment, which words, it is contended, must be read as of the date of said amendment. But, as already intimated, I cannot hold, in view of the statute on construction before quoted, that the words "now existing," in the proviso of 1872, which is merely repeated in connection with the amendment of 1889, can be read otherwise than as of the former date. I see no reason why these defendants—since only two were, when the law of 1872 was enacted, "then existing"—may not be consolidated. I am by no means certain that any property interest which it was possible for these defendants, or any of them, to alienate by way of mortgage would be destroyed, even if the franchise to be a corporation should be annulled by a judgment of ouster in the case of each of these defendants; nor, on the other hand, that under such a mortgage as we have here these corporations could not rightfully be consolidated as against the objection of complainant, even though such consolidation be an event upon the happening of which some easement now belonging to one of them, and included within the general terms of the mortgage, will be extinguished. As to the matter of transferring or exchanging mortgaged property subject to the mortgage, I am not referred to any contract or covenant inhibiting these defendants. On these impressions of the case, gathered from the oral argument, wherein the serious contention of complainant was the illegality of the threatened consolidation, I think the injunction pendente lite must be denied.