THE WHITE SEWING MACHINE COMPANY, Appellant, *vs.*
NORMAN M. HARRIS *et al.* Appellees.

*Opinion filed December 21, 1911.*

1. STATUTES—*effect of an express repeal and re-enactment of statute at same time.* Where there is an express repeal of a statute and a re-enactment of all or a portion of it at the same time, the re-enactment neutralizes the repeal so far as the provisions of the old law are unchanged in form or substance; and offices are not lost, statutory rights are not defeated, statutory powers are not taken away or criminal charges affected by the repeal and re-enactment of the provisions upon which such matters, respectively, depend.

2. SAME—*statute will ordinarily be given a prospective operation, only.* A statute should be given a prospective operation unless there is language found therein which is so clear that it will admit of no other construction than that the act is to be given retrospective operation.

3. CORPORATIONS—*licensed foreign corporation not required to re-qualify under act of 1905.* The act of 1905, concerning foreign corporations, (Laws of 1905, p. 124,) was intended as a continuation of the main features of the act of 1897 as revised in 1899, (Laws of 1899, p. 118,) and it was not intended by the act of 1905 that foreign corporations already licensed under the act of 1897 to do business in the State should re-qualify and pay again the license fees they have already paid for that purpose.

4. SAME—*new requirements added by the act of 1905 apply to corporations previously doing business in the State.* The requirements added by the act of 1905, concerning foreign corporations, apply to the corporations doing business in the State previous to the enactment of such law.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Pulaski county; the Hon. A. W. LEWIS, Judge, presiding.

WALL & MARTIN, for appellant.

CHARLES L. RICE, and C. S. MILLER, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The White Sewing Machine Company, appellant, sued appellees in debt on a bond, in the circuit court of Pulaski county. By special plea the appellees alleged that appellant was a corporation for profit, organized in the State of Ohio, and had failed to comply with the provisions of the Illinois act as to foreign corporations in force July 1, 1905; that said bond was executed to secure the purchase price of goods sold since July 1, 1905. Appellant, by replication, alleged that it had procured, on September 10, 1897, a license under the law then in force, to do business. A general demurrer was sustained to this replication and judgment entered in favor of appellees. Appellant elected to stand by its replication and appealed to the Appellate Court, where the judgment of the lower court was affirmed by a divided court. A certificate of importance was thereupon issued, and this appeal followed.

The act in force July 1, 1897, (Laws of 1897, p. 174,) with reference to foreign corporations, under which appellant obtained its charter and was licensed to do business in this State, was re-passed as a revised act, amended only in a few unimportant particulars, by the act in force July, 1899. (Laws of 1899, p. 118.) It is conceded by all parties that that act applied to appellant after its passage but did not require it to re-qualify. The sole question at issue here is whether the legislature required, by the act of 1905,

(Laws of 1905, p. 124,) that all foreign corporations, other than those especially excepted, should be required to re-qualify thereunder before they could legally do business in this State. It is not claimed that appellant is one of the class of corporations specifically excepted.

In ascertaining the legislative intent it is necessary to compare the provisions of the act of 1897, as revised in 1899, with those of the act of 1905. Without attempting to set forth, in detail, all the requirements of either act, we will state some of the main features of the two acts that in our judgment are substantially alike, and some of the features of the new act that are not found in the original act as amended. In order to do this we shall compare the law of 1905 with the revised law of 1899.

Section 1 of the latest act has a provision that all for-eign corporations for profit, excepting ones not here in-volved, shall be required to comply with the provisions of this act and be subject to all the regulations prescribed therein, as well as all other regulations, limitations and re-strictions applying to corporations of like character organ-ized under the laws of this State. Substantially the same provision, with a little added detail, is found in section 3 of said act of 1905. These provisions, in substance but without many details, are found in the first part of sec-tion 2 of the act of 1899. Section 2 of the act of 1905 provides that the "president and secretary" shall make a sworn statement to the Secretary of State as to the char-acter and certain details of the business. In the first part of section 3 of the act of 1899 somewhat the same provi-sion is found, although the details of the requirements are not so fully set out, and the sworn statement is not to be made by both the president and secretary, but by the "pres-ident, secretary or any officer." Following the provision above referred to in said section 2 of the act of 1905 is found a provision that the statement required to be filed by the president and secretary shall contain the name and ad-

dress of some attorney in fact upon whom service can be had in all suits commenced in this State. We find a like provision in the first part of section 2 of the act of 1899, except that it there states that the corporation shall designate some person as its agent or representative in this State on whom service of legal process may be had. Again, in section 2 of the act of 1905 we find a requirement that the articles of incorporation, etc., duly authenticated, shall be filed with the Secretary of State. Substantially this same requirement is found in the first part of section 3 of the act of 1899. In the last part of section 2 of the act of 1905 is found the requirement as to the Secretary of State issuing a license to a foreign corporation authorizing it to do business in this State. A similar provision is found in section 3 of the law of 1899, except that the laws of 1899 and of 1897 provide that the length of time shall not be greater than contemplated by the laws of this State. The first part of section 3 of the act of 1905 requires every foreign corporation to keep on file with the Secretary of State an affidavit of the president and secretary showing the location of its principal place of business and of its attorney for receiving and accepting service, etc. A similar provision is found in the law of 1899 in the latter part of section 3, although here, again, the details are not so fully set out as in the later law. In the latter part of section 3 of the act of 1905 is a provision with reference to foreign corporations owning and holding real estate in this State. A provision in almost the same language is found in section 2 of the law of 1899. The last part of section 3 of the law of 1905 provides for the payment of fees by the foreign corporation to the Secretary of State. The same provision is found in nearly identical language in section 3 of the law of 1899. Both of these laws require the same fees. Section 4 of the law of 1905 has certain provisions with reference to building and loan and insurance companies. Briefer provisions are found on the same subject in

the latter part of section 3 of the law of 1899. Section 6 of the law of 1905 provides the penalty for failure to follow the provisions of the act, and closes with the provision that "if after this act shall take effect, any foreign corporation shall fail to comply herewith, no suit may be maintained either at law or in equity upon any claim, legal or equitable, whether arising out of contract or tort in any court in this State." Section 4 of the law of 1899 is practically the same in substance and very similar in wording, although the later law provides a larger penalty and authorizes the Attorney General, as well as the State's attorney, to prosecute. Section 7 of the law of 1905 has reference to this act not repealing any act regulating the admission of any insurance, surety, building and loan, railroad or telegraph corporation, somewhat similar provisions being found in the latter part of section 3 of the law of 1899.

We will now call attention to some of the provisions found in the new act which are not in the former acts.

In the latter half of section 2 of the act of 1905 is a provision that the Secretary of State shall have power to prescribe the form of the application for license, and may, in addition, propound interrogatories to the applicants respecting the character of the business, the amount of capital stock and the proportion of its business in this and other States and territories, the answers to such interrogatories to be filed with the application. Section 5 of the act of 1905 provides that the Secretary of State may, in his discretion, at any time, prepare and propound to the officers of any foreign corporation doing business here, interrogatories respecting the character of the business, location, names and residences of directors and amount and disposition of capital stock, to be answered within five days after the receipt thereof, and for the revocation of the authority to do business upon the failure or refusal to answer such interrogatories. Section 8 of the law of 1905 provides that the act

of 1897, as amended in 1899, "is hereby repealed and· all acts and parts of acts in conflict herewith to the extent only of such conflict are hereby repealed." Section 9 of the act of 1905 provides that the act shall not be applicable to any railroad corporation.

While there may be some minor matters in the act of 1905 that are not referred to, directly or indirectly, in the former acts, we think we have stated the principal points of resemblance and difference. Manifestly, the two acts are, with one or two exceptions, very much alike in their requirements. The chief exception is the provision in the later act requiring additional information as to the character, officers, capital stock, etc., of the corporation, either at the time of its application or at any time thereafter, and that for revocation of the license on failure to comply with the request of the Secretary of State in that regard. This analysis of the two acts leads almost necessarily to the conclusion that the legislature did not intend by the later act to provide that all foreign corporations included within the operation of the earlier acts should re-qualify and pay another license fee before they could do business in the State.

When there is an express repeal of a statute and a re-enactment of all or a portion of it at the same time, the re-enactment neutralizes the repeal so far as the provisions of the old law are contained in the new one. As to the portion unchanged in form or substance, the amendatory act is a mere continuation of the original act. (*People* v. *Zito,* 237 Ill. 434; 1 Lewis' Sutherland on Stat. Const.—2d ed.— sec. 238; *Haspel* v. *O'Brien,* 11 Ann. Cas. (Pa. St.) 470, and notes; *Baker* v. *Shinkle,* 249 Ill. 154.) Offices are not lost, (*State* v. *Baldwin,* 45 Conn. 134,) statutory rights are not defeated, (*Capron* v. *Strout,* 11 Nev. 304,) statutory powers are not taken away (*Middleton* v. *N. J. W. L. R. R. Co.* 26 N. J. Eq. 269,) or criminal charges affected (*State* v. *Gumber,* 37 Wis. 298,) by such repeal and re-enactment of the law on which they, respectively, depend. It has been

held by the Supreme Court of Massachusetts that the re-
peal of a general incorporation law by a statute substantially
re-enacting its provisions does not terminate the existence
of the corporations organized under it. *United Hebrew
Benevolent Ass'n* v. *Benshimol,* 130 Mass. 325.

The general rule to be applied in the construction of
statutes is, that they should be given a prospective rather
than a retrospective or retroactive operation unless there is
language found in the statute which is so clear that it will
admit of no other than the retroactive construction. (*People* v. *Lower,* 236 Ill. 608, and cases cited; 2 Lewis' Suth-
erland on Stat. Const.—2d ed.—sec. 642.) There is noth-
ing in the act of 1905 that states specifically that this act
shall apply to foreign corporations already licensed under
the previous act. On the contrary, comparing this act on
this point with the provisions of the acts of 1899 and 1897,
it seems quite clear that the legislature did not so intend.
The earlier acts provided, in terms, that every foreign
corporation, "before it shall be authorized or permitted to
transact business in this State, or to continue to do business
therein, if already established, shall," etc. There is no pro-
vision in the law of 1905 as to corporations "continuing to
do business" in this State. The legislature, by leaving this
provision out of the new act, manifestly intended to treat
the foreign corporations already doing business in a man-
ner different than the former acts treated foreign corpora-
tions then doing business. If such a provision had been
included in the act of 1905, no doubt could exist that it was
the intention to make this act retrospective. In our judg-
ment the legislature by the act of 1905 intended that it
should be a mere continuance of the main features of the
former act, with some modifications as to details, which
would not require foreign corporations already doing busi-
ness in the State to re-qualify or pay again the license fee
already paid before they could do business in the State.

Appellant, by its license issued under the act of 1897, was authorized to bring this suit.

Without attempting to discuss the added requirements of the law of 1905, we deem it proper to state that they plainly apply to the corporations doing business in the State previous to the enactment of the later law, for the law of 1899 provided, as we have seen, that the foreign corporations, when licensed, should be subjected to all liabilities, restrictions and duties which might be imposed upon corporations of like character organized under the general laws of this State and should have no other or greater powers. Then, too, sections 9 and 26 of the general Incorporation act (Hurd's Stat. 1909, pp. 560, 562,) specifically provide that the charters of all corporations shall be subject to such changed regulations as may be deemed advisable by the legislature.

The conclusions reached render it unnecessary to consider whether, if the legislature had attempted to require the license fees to be again paid and new licenses taken out before foreign corporations doing business under the former laws could continue in business, such an act would interfere with the contract rights of the appellant under the reasoning of *American Smelting and Refining Co.* v. *Lindsley,* 204 U. S. 103, or whether such a provision in the law would be simply additional regulations of such corporations which could be enforced by the State authorities under the holding in *Hammond Packing Co.* v. *State,* 212 U. S. 322.

The judgments of the Appellate Court and of the circuit court of Pulaski county will be reversed and the cause remanded to said circuit court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*