[Allgood, Auditor, v. Sloss-Sheffield Steel & Iron Co.]

# Allgood, Auditor *v.* Sloss-Sheffield Steel & Iron Co.

## Mandamus.

(Decided April 20, 1916.  71 South. 724.)

1. **Statutes; Amendment; Repeal by Implication.**—Where an amendment changes the old law in its substantial provisions, it, by necessary implication, repeals the old law so far as its provisions are in conflict.

2. **Same.**—Whether in the form of an amendment or otherwise, if a new law covers the whole subject matter of a former law, and is inconsistent with it, and is evidently intended to supersede the old law, it repeals it by implication.

3. **Same.**—Where a statute is amended, "so as to read as follows," the amendatory act becomes a substitute for the original, and the original ceases to have the cause and effect of an independent enactment, but so much of the original as is retained in the amending act without substantial change, is affirmed and continued in force without interruption, and such parts as are omitted are repealed,

4. **Same; Re-enactment.**—The repeal and simultaneous re-enactment of substantially the same statutory provisions is to be construed as a continuation of the original statute, and not as an implied repeal.

5. **License; Invalid Tax; Recovery.**—During the years 1907, 1908 and 1909, petitioner paid to the probate judge certain sums of money as a privilege tax under Acts 1907, p. 455, which was declared unconstitutional and void, and now applies for a refund under § 2411, Code 1907, which was amended by Acts special session 1909, p. 166, Aug. 25, 1909, and further amended by Act of Feb. 22, 1915, Acts 1915, p. 120, re-enacting the amended statute, with an added provision, and General Revenue Act 1915, p. 489, re-enacted the amendatory act of 1909, without reference to the original statute.  Held, that neither the amendatory nor the revisory acts of 1915 altered the retrospective limit prescribed by § 2411, Code 1907, as amended, and hence, that the original limitation for money paid since Aug. 25, 1907, was ipso facto retained.

6. **Same; Refund; Mistake.**—The provisions of § 2411, Code 1907, were intended to promote justice and equity between the taxing power and the tax payer, and to correct mistakes either of law or fact.

7. **Same; Recovery; Laches.**—The claim of a tax payer to recover money that was paid under an invalid license law, will be denied under common law practice if not prosecuted with reasonable diligence, although not barred by any analagous statute of limitation.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Mandamus by Sloss-Sheffield Steel & Iron Company originally directed to C. Brooks Smith as State Auditor, and revived

against M. C. Allgood as his successor in office, to compel him to issue his warrant for certain license taxes paid into the State Treasury under an act declared unconstitutional and void. From a judgment granting the writ the Auditor appeals. Affirmed.

WM. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State. TILLMAN, BRADLEY & MORROW, and STEINER, CRUM & WEIL, for appellee.

SOMERVILLE, J.—The following principles of statutory construction must be regarded as thoroughly well settled, both upon the soundest reasoning and the highest authority:

(1, 2) 1. "Where an amendment is made that changes the old law in its substantial provisions, it must, by a necessary implication, repeal the old law so far as they are in conflict. And where a new law, whether it be in the form of an amendment or otherwise, covers the whole subject-matter of the former, and is inconsistent with it, and evidently intended to supersede and take the place of it, it repeals the old law by implication."—36 Cyc. 1082 (D); *Scott v. Simons*, 70 Ala. 352; *Ogbourne v. Ogbourne*, 60 Ala. 616; *Cahall v. Citizens' etc., Ass'n*, 61 Ala. 232; *Lemay v. Walker*, 62 Ala. 39.

(3) 2. "Generally speaking, where a statute is amended 'so as to read as follows,' the amendatory act becomes a substitute for the original, which then ceases to have the force and effect of an independent enactment; but this does not mean that the original is abrogated for all purposes, or that everything in the later statute is to be regarded as first enacted therein. On the contrary, the better and prevailing rule is that so much of the original as is repeated in the later statute without substantial change is affirmed and continued in force without interruption; that so much of the act as is omitted is repealed; and that any substantial change in other portions of the original act, as also any matter which is entirely new, is operative as new legislation."—36 Cyc. 1083 (2); *O'Rear v. Jackson*, 124 Ala. 298, 26 South. 944; *In re Estate of Prime*, 136 N. Y. 347, 32 N. E. 1091, 18 L. R. A. 713; *Moore v. Mausert*, 49 N. Y. 332; *Pacific, etc., Co. v. Joliffe*, 69 U. S. 450, 17 L. Ed. 805; *Murdock v. Memphis*, 20 Wall. 590, 617, 22 L. Ed. 429; *Bear Lake, etc., Co. v. Garland*, 164 U. S. 1, 17 Sup. Ct. 7, 41 L. Ed. 327; *Great Northern Ry. Co. v. United States*, 155 Fed. 945, 84 C. C. A. 93, affirmed in 208

[*Allgood, Auditor, v. Sloss-Sheffield Steel & Iron Co.*]

U. S. 452, 28 Sup. Ct. 313, 52 L. Ed. 567, citing many other cases.

(4) 3. "The repeal and simultaneous reenactment of substantially the same statutory provisions is to be construed, not as implied repeal of the original statute, but as a continuation thereof."—36 Cyc. 1084 (E) ; Endlich on Statutes, § 490 ; Sutherland on Stat. Construction, § 134 ; *Forbes v. Board of Health*, 27 Fla. 189, 9 South. 446, 26 Am. St. Rep. 63 ; *Brown v. Pinkerton*, 95 Minn. 153, 103 N. W. 897, 900, 111 Am. St. Rep. 448 ; *Haspel v. O'Brien*, 218 Pa. 146, 67 Atl. 123, 11 Ann. Cas. 470, and note 472 ; *White, etc., Co. v. Harris*, 252 Ill. 361, 96 N. E. 857, Ann. Cas. 1912D, 536.

(5, 7) Section 2411 of the Code of 1907 provided for a refund of a proportionate part of the license tax paid for conducting a business afterwards prohibited by law. This statute was expressly amended by the act of August 25, 1909 (Sess. Acts 1909, p. 166), which re-enacted verbatim the original statute, and added the following: "And any person who, through a mistake or error in the probate judge, has paid to the probate judge money that was not due from him for such license, or by such mistake has paid to the probate judge for such license an amount in excess of that required by law for the business to be carried on by such person under the license, such person shall be entitled to have refunded to him the amount in either event so erroneously collected by the probate judge, and the provisions of this section shall apply in cases where money has heretofore been so erroneously paid within two years before the approval of this act."

In October of each of the years 1907, 1908, and 1909 the petitioner paid to the probate judge of Jefferson county certain sums of money as privilege taxes, under the revenue act of March 7, 1907 (Acts 1907, p. 455), which was unconstitutional and void. Thereafter by the act of February 22, 1915 (Sess. Acts 1915, p. 120), the Legislature again amended section 2411 of the Code, as already amended, by re-enacting the amended statute verbatim and added thereto a provision requiring the probate judge himself to refund license money paid for conducting a business afterwards prohibited before the probate judge has paid over such money to the state authorities. Later on in the same session, by the act of September 14, 1915 (Sess. Acts 1915, pp. 489-533) the Legislature passed a general revenue bill which re-enacted verbatim the amendatory act of August 25, 1909, as section 15 thereof, and re-enacted also verbatim section 2412 of the Code

as section 16 thereof without reference in either case to the original statute.

It will be observed that the limitation of the statute as amended in 1909 to license money "paid within two years before the approval of this act" that is, two years prior to August 25, 1909, is carried forward ipsis verbis into the amended statute of February 22, 1915, and also into the general revision of the revenue laws by the act of September 14, 1915. The contention of the respondent is that the use of this original clause in each of the two last-named acts is effective ex vi terminorum to initiate a new period of limitation, that is, a period of two years before the approval of each act thereby nullifying the operation of the law as to all erroneous payments made prior thereto. Of the character and policy of this refund statute this court has said: "It is the successor of preceding statutes having a common object—the promotion of justice and equity between the state and county and the taxpayer. If by mistake, whether of law or of fact, the state or county has, through the medium of taxation, received money of the taxpayer to which it was not entitled ex aequo et bono, it is but natural right and justice that the mistake should be corrected and the money refunded."—*White v. Smith,* 117 Ala. 232, 23 South. 525; *Bigbee, etc., Co. v. Smith,* 186 Ala. 552, 65 South. 37.

This just policy has been steadily expounded by successive acts of legislation.

The limitation of its operation when first applied to license money paid by mistake, to a reasonable period of antecedent time, was natural, and indeed practically necessary. But this was a limitation upon the retrospective operation of the original law and not upon recovery by the taxpayer, whose claim, if not prosecuted with reasonable diligence, will be shorn of its remedy on common-law principles of laches even though not barred by any analogous statute of limitation.—26 Cyc. 392, B, and cases cited; *State v. Benners,* 172 Ala. 168, 55 South. 298.

Looking to the obvious purpose of the Legislature in its amendatory and revisory acts of 1915 as evidenced by the new provisions added to the original text of the amendatory act of 1909, we can discover no intention in either of these later acts to alter the limit of the retrospective operation of the law as prescribed by the act of 1909. Certainly there could have been no intention to shift that operation a second time within a year as

[Allgood, Auditor, v. Sloss-Sheffield Steel & Iron Co.]

to license money erroneously paid, and leave its operation unchanged, and indeed unlimited, as to other license money.

Applying the rules of construction above declared, it results that the acts of 1915, although they nominally and severally repeal by implication the previously existing statutes, by re-enactment continue in force without interruption the provisions of section 2411 of the Code, as amended by the act of 1909, and the original limitation to money paid since August 25, 1907, is ipso facto retained. In other words the reiterated phrase, "paid within two years before the approval of this act," must be construed as speaking from its original enactment and operating constantly from that date. For this conclusion we have the highest authority. A New York statute gave jurisdiction to the Court of Appeals to review "every actual determination hereafter made," etc. A later statute re-enacted the original as above written, and extended the jurisdiction to other cases.

The following extract from the opinion of DENIO, C. J., in *Ely v. Holton*, 15 N. Y. 595, 598, is in principle as applicable here as it was there: "The rule contended for would lead to the grossest absurdities. Proceedings which were quite regular when taken would be made irregular or void by force of the subsequent statute, and confusion of every kind would be introduced. Nor do we think that the consideration that the amended section reads, the original one did, that this court shall have jurisdiction to review determinations 'hereafter made,' limits the effect of the amended portions or the newly introduced provisions to cases in which the judgments appealed from were rendered after the amendment took effect. That is a portion of the old section which is preserved unaltered. When it was first enacted, it was thought expedient to confine the review by this court to future judgments and orders; but the incorporation of the amendment into a section which was originally thus limited does not prove that the new provisions are to be confined to determinations future in relation to the time the amendment took effect. The theory of amendments, made in the form adopted in the present instance, we take to be this: The portions of the sections which are repealed are to be considered as having been the law from the time they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect. In short, we attribute no effect to the plan of dovetailing the amendment into the original section, except the one above sug-

gested of preserving a harmonious text, so that, when future editions shall be published, the scattered members shall easily adjust themselves to each other."

In a later case a different bench of the same court construed the word 'hereafter' in an amended materialman's statute and said: "It follows that the word 'hereafter' in the first line of section 1 of chapter 402, Laws of 1854, being contained in the section as amended by chapter 588, Laws of 1869, continues to speak from the time of the passage of the act of 1854, and applies to and includes all labor and materials after that time."—*Moore v. Mausert*, 49 N. Y. 332.

See, also, the case of *Barrows v. People's, etc., Co.* (C. C.), 75 Fed. 794, wherein a similar construction was placed on the phrase "now existing," where a former act was re-enacted with a repetition of those words; the holding being that they must be applied as of the date of the original, and not of the amended, act.

The petition shows that petitioner is entitled to have a refund of the money claimed, and the trial court did not err in overruling the demurrers thereto, and in awarding on the evidence a peremptory writ of mandamus to respondent requiring him, as state auditor, to draw his warrant upon the treasurer for the amount claimed.

The judgment of the city court will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.