WELCH, Judge.
On August 6, 2003, Timothy Alan Burt was convicted of first-degree sexual abuse and sentenced to prison. At some point Burt was released from prison. On August 5, 2010, a two-count indictment was returned charging him in circuit court case CC-10-1797 with violating his duty under the then in effect “Community Notification of Released Convicted Sex Offenders” Act, (also known as the “Community Notification Act,” i.e., “the CNA”), §§ 15-20-20 through -38, Ala.Code 1975, to file with certain law-enforcement personnel 30 days’ prior notice of his intent to move to a different residence, a violation of § 15-20-23(a), Ala.Code 1975, and with failing to comply with the requirement of the then in effect CNA that prohibited a convicted adult sex offender from residing where a person 18 years old or younger resides, a violation of § 15-20-26(c), Ala.Code 1975. Both offenses are Class C felonies. On June 28, 2011, Burt was indicted in circuit court case CC-11-1387 for again failing to comply with the requirement of the then in effect CNA that he file a notice with law-enforcement personnel at least 30 days before moving to a different residence, a violation of § 15-20-23, Ala.Code 1975.
Effective July 1, 2011, the “Community Notification of Released Convicted Sex Offenders” Act, §§ 15-20-20 through 15-20-38, Ala.Code 1975, was expressly repealed by Act No. 2011-640, § 49, Ala. Acts 2011, and on that date replaced with the “Alabama Sex Offender Registration and Community Notification Act.” This act is codified in the Alabama Code as §§ 15-20A-1 through -48.
On May 31, 2012, prior to the commencement of Burt’s guilty-plea hearing, counsel for Burt filed written motions asking the circuit court to dismiss the charges against him. In both motions counsel argued that the charges were due to be dismissed because § 15-20-23 had been repealed by Act No. 2011-640, (§§ 15-20A-1 et seq., Ala.Code 1975), without providing a “savings clause for prosecutions for violating the statutes that were repealed.” (C. 33, 77.) The motion asserted:
“ ‘ “It is well settled, that no recovery or conviction can be had on a penal statute after its repeal, or the offence against which it is directed, is divested or criminality, unless there is a special clause allowing it,” State v. Allaire, 14 Ala. 435 (1848). See also Carlisle v. State, 42 Ala. 523 (1868); Grijf[i]n v. State, 39 Ala. 541 (1865); and Jordan v. State, 15 Ala. 746 (1849).’ ”
*1112 (C. 33, 77.) After hearing Burt’s argument in support of his motions, the circuit court denied the motions. Appellate review of the circuit court’s ruling was reserved[1] and the guilty-plea proceedings continued. Included in the State’s factual basis underlying the pleas, the State asserted for both charges that Burt had not registered his change of residence. The guilty-plea proceedings concluded with the State dismissing count two of CC-10-1797, which alleged that Burt had resided with a person less than 18 years old, and with Burt entering guilty pleas to the 2 charges alleging that he failed to notify authorities of his change in residence. Burt was sentenced as a habitual felon with 2 prior felonies to concurrent 10-year sentences. The sentences were suspended, and Burt was placed on supervised probation for three years. Burt appealed.

Appeal

Burt contends on appeal that the circuit court erred when it denied his motions to dismiss the indictments. Typically, “‘[w]hether a trial court’s denial of a motion to dismiss an indictment was error is reviewed under an abuse-of-discretion standard of review.’” Long v. State, 14 So.3d 184, 185 n. 1 (Ala.Crim.App.2008) (quoting Hunter v. State, 867 So.2d 361, 362 (Ala.Crim.App.2003)). However, here, because the issue presented involves a review of the circuit court’s conclusion of law and its application of the law to undisputed facts, this Court applies a de novo standard of review. Washington v. State, 922 So.2d 145, 158 (Ala.Crim.App.2005). Burt argues on appeal, as he did in his written motions and at the hearing on those motions, that “because [§ 15-20-23,] the statute establishing the offense[,] was repealed and there was no savings clause, Burt’s motions to dismiss should have been granted.” (Burt’s brief, at p. 3.)
Citing Williams v. State, 565 So.2d 282, 286 (Ala.Crim.App.1990), and Ex parte Jefferson, 473 So.2d 1110, 1111 n. 1 (Ala. 1985), the State contends that Burt’s argument is without merit because the applicable law is the law in effect at the time an offense is committed. The State asserts that § 15-20-23, which required 30 days’ prior notice before changing residence, was the law in effect at the time of the commission of Burt’s offenses; thus, according to the State, the circuit court properly denied his motions to dismiss. Additionally, the State asserts that the new statute continued to require registration; the new statute merely modified the time in which a sex offender must provide notice to authorities before a sex offender may change his or her residence. Therefore, according to the State, because the new statute, like the old statute, required a sex offender to register a change in his or her residence, the old statute was not repealed.

Analysis

“A saving clause is ... an exemption from the general operation of a statute. It is generally employed to restrict repealing acts, to continue repealed acts in force as to existing powers, inchoate rights, penalties incurred, and pending proceedings, depending on the repealed statute. A repeal destroys such rights, powers and proceedings and discharges the penalties. Thus, to preserve them a special provision with saving effect is necessary.”
*1113 2A Norman J. Singer, Sutherland Statutes and Statutory Construction, § 21:12 (7th ed. 2012)(emphasis added); Griffin v. State, 89 Ala. 541 (1865)(“Where a repealing statute has no saving clause as to pending prosecutions, a person indicted for an offense created by statute cannot be convicted after repeal of such statute.”); State v. Allaire, 14 Ala. 435 (1848) (“It is well settled, that no recovery or conviction can be had on a penal statute after its repeal, or the offence against which it is directed, is divested of criminality, unless there is a special clause allowing it.”).
Williams and Jefferson, cited by the State, are not applicable here. Both Williams and Jefferson involved a repealing statute that provided a clause saving the prosecution of conduct occurring before the effective date of the new statute. Williams concerned conduct occurring in December 1986 resulting in a criminal indictment under the Alabama Uniform Controlled Substances Act, § 20-2-70, Ala. Code 1975. That statute was repealed on October 21, 1987, as part of the Drug Crimes Amendments Act of 1987, Act No. 87-603, Ala. Acts 1987,[2] “insofar as conduct occurring after the effective date of this act is concerned.” Act No. 87-603 p. 1047. Therefore, because Act No. 87-603 declared that § 20-2-70 was repealed as to conduct occurring after the effective date of the Act, the repeal of § 20-2-70 did not abate charges in Williams.
Jefferson was charged for his April 17, 1981, conduct that violated § 13A-5-31(a)(2), Ala.Code 1975, a statute imposing capital punishment. Effective July 1, 1981, the 1981 capital-offense statute, Act No. 81-178, Ala.1981, p. 204,[3] repealed § 13A-5-31(a)(2), Ala.Code 1975.[4] Section 19 of Act No. 81-178, p. 214, states: “This act applies only to conduct occurring after its effective date. Conduct occurring before the effective date of this act shall be governed by pre-existing law.” Thus, in Jefferson, the repeal of § 13A-5-31 (a)(2) did not abate charges occurring before the repeal.
Act No. 2011-640, § 49, the “Alabama Sex Offender Registration and Community Notification Act,” effective July 1, 2011, and codified at §§ 15-20A-1 through 15-20A-48, expressly repealed the entire CNA formerly codified at § 15-20-20 through § 15-20-38, Ala.Code 1975. The repealing statute did not provide an express savings clause.[5]
“The common law rule is that, in the absence of an effective saving provision, the outright repeal of a criminal statute operates to bar prosecutions for earlier violations of the statute, whether the prosecutions are pending, or not yet begun, at the time of the repeal, on the theory that the legislature by its repeal has indicated an intention that the con *1114 duct in question shall no longer be prosecuted as a crime.”
1 Wayne R. LaFave, Substantive Criminal Law § 2.5 Repeal or Amendment of Statute (2d ed. October 2012).
However, in Burt’s case, the repeal of §§ 15-20-20 through 15-20-38 was not an “outright repeal” because at the same time as the repeal, the legislature essentially reenacted the repealed statute, which is now codified at §§ 15-20A-1 through 15-20A-48, Ala.Code 1975. This action does not suggest an intent by the legislature to “pardon” conduct subject to the repealed statute.
“There is ... a generally recognized simultaneous-repeal-and-reenactment exception to the common law rule. Under this exception, if what was criminal under the repealed statute is also encompassed within the new law, which perhaps carries a different offense label, then prosecution under the repealed statute is permissible.”
LaFave; 37 Am. J.Crim. L. 1, 27 In with the New, Out with the Old: Expanding the Scope of Retroactive Amelioration (Fall 2009) (“The court’s power and authority to maintain a previously commenced prosecution should continue unabated when the legislature repeals and reenacts or amends a statute.”).
“The idea that the prosecution should be terminated in the absence of a saving clause ignores the objective indication of the legislature’s intent — represented by the retention of the offense and an associated penalty — that previously commenced prosecutions are not being pardoned .... Under such circumstances, the prosecution should not be abated even if the legislature fails to insert an express saving clause or the jurisdiction lacks a general saving statute or a constitutional saving clause.”
37 Am. J.Crim. L. at 27 (Fall 2009)(dis-cussing the repeal of a criminal statute and reenacting a similar statute having a greater sentence).
The United States Supreme Court stated the following in Bear Lake & River Waterworks & Irrigation Co. v. Garland, 164 U.S. 1, 12, 17 S.Ct. 7, 9, 41 L.Ed. 327 (1896).
“Although there is a formal repeal of the old by the new statute, still there never has been a moment of time' since the passage of the act of 1888 when these similar provisions have not been in force. Notwithstanding, therefore, this formal repeal, it is, as we think, entirely correct to say that the new act should be construed as a continuation of the old with the modification contained in the new act. This is the same principle that is recognized and asserted in Steamship Co. v. Joliffe [69 U.S. 450], 2 Wall. 459 [450, 17 L.Ed. 805 (1864) ]. In that case there was a repeal in terms of the former statute, and yet it was held that it was not the intention of the legislature to thereby impair the right to fees which had arisen under the act which was repealed. As the provisions of the new act took effect simultaneously with the repeal of the old one, the court held that the new one might more properly be said to be substituted in the place of the old one, and to continue in force, with modifications, the provisions of the old act, instead of abrogating or annulling them, and re-enacting the same as a new and original act.”
Bear Lake & River Waterworks & Irrigation Co. v. Garland, 164 U.S. 1, 12, 17 S.Ct. 7, 9, 41 L.Ed. 327 (1896). Arizona condensed the above as follows:
“[W]here both the prior and subsequent acts legislate upon the same subject and the subsequent act re-enacts *1115 substantial portions of the original act but either adds, eliminates or modifies provisions of the original act, the subsequent act shall be treated as amendatory only in spite of language expressly repealing the prior act. Bear Lake & River Waterworks & Irrigation Co. v. Garland, 164 U.S. 1,17 S.Ct. 7, 41 L.Ed. 327 (1896).”
State v. Babbitt, 457 A.2d 1049, 1054 (R.I. 1983).
Alabama has made similar findings:
“ ‘The repeal and simultaneous re-enactment of substantially the same statutory provisions is to be construed, not as implied repeal of the original statute, but as a continuation thereof.’ 36 Cyc. 1084(E); Endlich on Statutes, § 490; Sutherland on Stat. Construction, § 134; Forbes v. Board of Health, 27 Fla. 189, 9 South. 446, 26 Am.St.Rep. 63 [ (1891) ]; Brown v. Pinkerton, 95 Minn. 153, 103 N.W. 897, 900, 111 Am.St.Rep. 448 [ (1905) ]; Haspel v. O'Brien, 218 Pa. 146, 67 Atl. 123, 11 Ann.Cas. 470, and note 472 [ (1907) ]; White, etc., Co. v. Harris, 252 Ill. 361, 96 N.E. 857, Ann.Cas.l912D, 536 [ (1911) ].”
Allgood v. Sloss-Sheffield Steel & Iron Co., 196 Ala. 500, 502, 71 So. 724, 725 (1916); see also State v. Youngstown Mining Co., 219 Ala. 178, 180, 121 So. 550, 552 (1929) (“The repeal of a statute without a saving clause does not destroy vested rights theretofore accruing.”); Tucker v. McLendon, 210 Ala. 562, 564, 98 So. 797, 799 (1924) (“ ‘The repeal and simultaneous reenactment of substantially the same statutory provisions is to be construed not as an implied repeal of the original statute, but as a continuation thereof.’ ” (quoting 39 Cyc. 1084(E))); Haden v. Lee’s Mobile Homes, Inc., 41 Ala.App. 376, 136 So.2d 912 (1961)(same).
Section 15-20-23(a), Aa.Code 1975 (repealed), required an adult criminal sex offender to submit at least 30 days prior notice to specified law-enforcement authorities of his or her intent to change residence.
“(a) If an adult criminal sex offender intends to transfer his or her residence to a different location, he or she shall submit a notice of intent to move to the sheriff of the county and the chief of police of the municipality in which he or she resides, and to the sheriff of the county and chief of police of the municipality to which he or she plans to move, if such are different, at least 30 days prior to moving to the new location. The notice of intent to move shall be on a form developed by the Department of Public Safety provided by the sheriff and shall include all the information required by this article for community notification. Failure to provide a timely and accurate written declaration shall constitute a Class C felony.”
This statute was replaced with § 15-20A-10(c)(l) and (c)(2), Aa.Code 1975, which continues the requirement that an adult sex offender notify authorities of every residence change. The difference between the reenacted and the repealed statute is that the reenacted statute dispenses with the requirement of the repealed statute that authorities be provided with 30 days prior notice of an intent to change residences, and instead requires an adult sex offender to immediately notify authorities upon transferring or terminating any residence.
“(c)(1) Immediately upon transferring or terminating any residence, employment, or school attendance, the adult sex offender shall appear in person to notify local law enforcement in each county in which the adult sex offender is transfer *1116 ring or terminating residence, employment, or school attendance.
“(2) Whenever a sex offender transfers his or her residence, as provided in subdivision (1) from one county to another county, the sheriff of the county from which the sex offender is transferring his or her residence shall immediately notify local law enforcement in the county in which the sex offender intends to reside.' If a sex offender transfers his or her residence, as provided in subdivision (1) from one county to another jurisdiction, the sheriff of the county from which the sex offender is transferring his or her residence shall immediately notify the chief law enforcement agency in the jurisdiction in which the sex offender intends to reside.”
§ 15-20A-10(c), Ala.Code 1975.
The Alabama Legislature expressed its intent to maintain prosecutions for failing to register a transfer of residence when it stated the following in its “findings” section of the new statute:
“(1) Registration and notification laws are a vital concern as the number of sex offenders continues to rise. The increasing numbers coupled with the dan-gér of recidivism place society at risk. Registration and notification laws strive to reduce these dangers by increasing public safety and mandating the release of certain information to the public. This release of information creates better awareness and informs the public of the presence of sex offenders in the community, thereby enabling the public to take action to protect themselves. Registration and notification laws aid in public awareness and not only protect the community but serve to deter sex offenders from future crimes through frequent in-person registration. Frequent in-person registration maintains constant contact between sex offenders and law enforcement, providing law enforcement with priceless tools to aid them in their investigations including obtaining information for identifying, monitoring, and tracking sex offenders.”
§ 15-20A-2(1), Ala.Code 1975.
Moreover, the legislature demonstrated its intent not to pardon a failure to register when it stated in § 15-20A-2(a) that “[t]his chapter is applicable to every adult sex offender convicted of a sex offense as defined in Section 15-20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose.”
In this case, the facts underlying the acceptance of the guilty plea were that Burt had changed his residence without registering at all. Thus, Burt violated both the law as it existed under the repealed statute and the law as it exists under the re-enacted statute. Burt’s conduct is exactly the type of conduct that violated the intent of the legislature to identify,-monitor, and track sex offenders.

Conclusion

Although §§ 15-20A-1 through 15-20A-48 were enacted without a savings clause saving the repealed statute, it is clear that the legislature' intended that conduct punishable under the repealed statute was not pardoned; the legislature actually lowered the burden placed on a sex offender by removing the requirement of providing pri- or notice of an intent to move to another residence. However, the complete failure to register, as is Burt’s case, violated both the repealed and the reenacted statute, and under both the repealed and reenacted statute, the conduct was, and remains, punishable as a Class C felony. Moreover, this change has no adverse retroactive ef- *1117 feet implicating the ex post facto clause because the complete failure to register is conduct encompassed in both § 15-20-23(a)(repealed) and § 15-20A-10.
For the reasons set forth above, Burt’s convictions are affirmed.
AFFIRMED.
WINDOM, P.J., and BURKE, J., concur.
KELLUM and JOINER, JJ., concur in the result.

. In an appeal from a guilty-plea conviction, a defendant must both reserve and preserve his claim of error before the claim may be considered by this Court. See Knight v. State, 936 So.2d 544 (Ala.Crim.App.2005), and Mitchell v. State, 913 So.2d 501 (Ala.Crim. App.2005).

. Codified at §§ 13A-12-210 through -216, Ala.Code 1975.

. Codified at §§ 13A-5-40 et seq., Ala.Code 1975.

. To clarify, §§ 13-11-1 through § 13-11-9 were recodified in identical language as 13A-5-30 through 13A-5-38 upon the enactment of the Criminal Code in 1980. These sections were repealed by the 1981 capital-offense statute, which applied only to conduct that occurred on or after July 1, 1981.

."A legislature may enact a general saving statute which will save rights and remedies except where a subsequent repealing act indicates that it was not the legislative intention that particular rights and remedies should be saved.” 2A Norman J. Singer and J.D. Shambie Singer, Sutherland Statutory Construction § 47.13 (5th ed. 1992). Alabama does not have a general saving statute or a constitutional savings clause.