This is a child custody case.
On December 11, 1978, James and Kayren Pierce filed two petitions in Jefferson County Juvenile Court seeking to terminate the parental rights of the natural parents of Hobart Houston Palmer, IV and Dick Horton Palmer and to obtain permanent custody of the children.
The two petitions were consolidated for hearing. After a hearing, the trial court terminated the parental rights of the natural parents, Hobart H. Palmer and Diane Palmer, and gave permanent custody to the petitioners, the Pierces. The Palmers appeal.
The Palmers contend that the trial court's findings are not supported by the evidence and that the court misapplied the applicable law to the facts of this case. They argue that the trial court failed to apply the legal presumption of fitness which the law indulges in favor of the natural parents.
While it is true that a natural parent has a prima facie right under the law to custody of his or her child, the primary consideration in a child custody case is that the determination be based on the best interest and welfare of the child.Strickland v. Osborn, 333 So.2d 582 (Ala.Civ.App. 1976). That determination must come from the evidence and each case must be decided on its own facts. Borsdorf v. Mills, 49 Ala. App. 658,275 So.2d 338 (1973).
The record in this case shows a sharp conflict in the evidence. The trial court heard the testimony ore tenus. It had an opportunity to observe the parties on the stand and in the courtroom. Where this is the case, the trial court's judgment will not be disturbed on appeal unless found to be so unsupported by the evidence and contrary to law as to be plainly and palpably wrong and unjust. Lawson v. Jennings,52 Ala. App. 582, 296 So.2d 176 (1974).
We have carefully considered the record in this case and we cannot say that the evidence fails to support the trial court's judgment.
Testimony from several witnesses indicates that the children were neglected while in the custody of their parents. The testimony was that the children were constantly dirty and that the trailer in which they lived was in deplorable condition. There was evidence that when removed from the custody of their mother by their paternal grandfather and Mr. Pierce the boys were undernourished and underweight, their teeth were rotting and dirty and they had difficulty in relating to other people.
The father has been diagnosed as suffering from chronic schizophrenia. He has been hospitalized for treatment of this condition and for deep depression several times. He has served sentences in prison for manslaughter, carnal knowledge and violation of parole. He first impregnated the mother and then married her when she was only fourteen. He was thirty-eight. There is an older child whose custody is now in the Department of Pensions and Security. The mother entered a bigamous marriage with another man while the father was in prison. That marriage was annulled after the parties *Page 217 
lived together for several months. There was testimony that the mother had said she was now living with the father only to get the children back.
In view of this and other evidence in the record, we cannot say that the trial court erred in its determination that the best interest of the children will be served by maintaining custody in the Pierces.
The Palmers next argue that the trial court's order violated their constitutional right to custody of their children. The right to maintain family integrity is a fundamental right protected by the due process standards of the Constitution. Mayv. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953). That right is recognized by Alabama courts in their application of the presumption that parental custody will better serve the best interest of a child. Borsdorf v. Mills, 49 Ala. App. 658,275 So.2d 338 (1973). However, where it is shown that parental custody would be contrary to the best interests of the child the presumption is overcome. Smith v. Jones, 275 Ala. 148,153 So.2d 226 (1963).
The Palmers have raised no specific violations of their due process rights. Having found that the evidence in the record supports the trial court's order, we find no merit in the argument that the order violates their constitutional rights.
The Palmers' final issue is whether the trial court erred in admitting a report prepared by the Jefferson County Department of Pensions and Security.
In Kelley v. State Department of Pensions and Security,366 So.2d 736 (Ala.Civ.App. 1979), this court held that § 12-15-65 (f), Code of Alabama (1975) specifically provides that the court in disposition hearings may receive oral and written reports and rely upon them to the extent of their probative value. The record shows that counsel for the Palmers was allowed an opportunity to examine the report before it was introduced into evidence. The author of the report was in court and available for cross-examination. We find no error in the trial court's admission and consideration of the report.
The order of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.