SAM TAYLOR, Judge.
Appellant Edwrick Venor Fowler was convicted of robbery in the first degree of the Shoney's Inn in Tuscaloosa, Alabama, and sentenced to life imprisonment in the penitentiary. Pursuant to § 15-22-27.2, Code of Alabama 1975, and because of Appellant’s having been previously convicted of a Class A felony, this was a sentence to life imprisonment without parole.
That section reads:
“In all cases where a criminal defendant has been convicted of a Class A felony committed after a previous conviction of another Class A felony, and such second conviction results in a sentence to imprisonment for life, he shall not be eligible for parole.”
I
Appellant contends that in sentencing him, the trial court misconstrued § 15-22-27.2 and in doing so created a new and independent crime. Neither the law nor the facts presented by this case support such a contention. Appellant was sentenced to life imprisonment by the trial court, but because his ease met the circumstances outlined in § 15-22-27.2, his sentence was augmented to life imprisonment without parole. Appellant’s punishment was enhanced by operation of law and without the necessity of further comment by the trial judge. Thus, this issue is without merit.
II
Appellant asserts • that his conviction should be reversed on the grounds that he was charged in a defective indictment. We find no basis for this assertion.
Appellant correctly states in his brief that when an indictment fails to specify the denomination of the currency taken, an additional allegation should be made that the particular denomination was unknown to the grand jury. Davis v. State, 401 So.2d 187 (Ala.Cr.App.), cert. denied, 401 So.2d 190 (Ala.1981).
The indictment in the case at bar described the stolen property as
“... a sum of money, to-wit: Two Hundred Thirty Six and no/100 ($236.00) dollars, lawful cash, coin or currency, of the United States of America, a better description of the said property being otherwise unknown to the Grand Jury...”
We find that the phrase “a better description of said property being otherwise unknown” sufficiently indicates that the denomination of the currency was unknown to the grand jury. To hold otherwise would support a semantic distinction that has no basis in law or reason.
For the reasons cited above, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.