474 So.2d 715 (1985)
Ex parte: Mary JOHNSON.
(re In the Matter of Michele Kathleen ABNEY James W. ABNEY v. Mary JOHNSON).
No. 84-167.
Supreme Court of Alabama.
May 10, 1985.
*716 Thomas E. Kincaid, Bessemer, for petitioner.
Tim W. Bice, Bessemer, for respondent.
ADAMS, Justice.
We granted certiorari in this case to determine whether the Court of Civil Appeals erred in concluding that a juvenile court cannot entertain a petition by a parent to have a child declared dependent, and following such declaration, terminate the other parent's parental rights, where the petitioning parent has legal custody of the child by virtue of a divorce decree. We hold that the Court of Civil Appeals, 474 So.2d 712, did err, and we therefore reverse its judgment.
Mary Johnson and James W. Abney were divorced in 1977; the divorce decree awarded custody of their only child, Michele Kathleen Abney, to Johnson. The decree conditioned Abney's visitation rights upon payment of child support.
Johnson filed a petition with the Juvenile Court of Jefferson County in 1983, seeking to have her child declared "dependent" and, thereby, to terminate the parental rights of Abney. Johnson alleged that Abney had neither contacted the child, nor provided any support payments, since 1977. Further, Johnson had remarried, and the termination of Abney's parental rights would allow the child's stepfather to legally adopt her.
After an ore tenus hearing, the juvenile court entered an order terminating Abney's parental rights. Abney appealed to the Court of Civil Appeals, which reversed the judgment of the juvenile court. After rehearing was denied, Johnson petitioned this Court for a writ of certiorari, which was granted.
The Court of Civil Appeals reversed the juvenile court's judgment because it concluded that Johnson could not herself bring a petition to have her child declared dependent. The court's opinion reads in part as follows:
Cases that involve termination of parental rights arise out of the juvenile court's jurisdiction over children. Wright v. Montgomery County Department of Pensions and Security, 423 So.2d 256 (Ala.Civ.App.1982); § 12-15-30, Code of Alabama 1975. Sections 12-15-50 to -76 of the Code set out the procedure to follow in order to have a child declared "dependent" and to terminate parental rights. The proceedings are in the nature of an action by the state.

Although any interested party may sign a petition calling for the proceedings, the typical design of the proceedings is to seek removal of the affected child from the custody of its parents, or parent, and to place the child under the custody of the state, or in the custody of a relative or persons other than the parents. The proceedings are not designed to allow one parent who already has legal custody of a child, following a divorce, to terminate the parental *717 rights of the other parent. [Emphasis added.]
The court cited no specific statutory language, nor any precedent, for its conclusion. Similarly, our research reveals no legal principle to support that conclusion.
Section 12-15-30, Code of Alabama 1975, describes the jurisdiction of the juvenile court as follows:
(a) The juvenile court shall exercise exclusive original jurisdiction of the following proceedings, which are governed by this chapter:
(1) Proceedings in which a child is alleged to be delinquent, dependent or in need of supervision; and
....
(b) The court shall also exercise exclusive original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
....
(6) Termination of parental rights. Code 1975, § 12-15-30. It is evident then, that the Juvenile Court of Jefferson County had jurisdiction to entertain Johnson's petition to have her child declared dependent and to terminate Abney's parental rights. The issue is whether Johnson was the proper party to file the petition.
Article 3 of Chapter 15, Title 12, sets out the procedure involved in having a juvenile declared dependent and in terminating parental rights as to a juvenile declared dependent. Sections 12-15-50 through 12-15-76, Code 1975, describe these procedures. Nowhere in these sections is the right to file a petition to have parental rights terminated limited to the state. Neither is the right expressly made available to a parent, however.
Last year our legislature passed the Child Protection Act, Code 1975, §§ 26-18-1 through 26-18-10. This Act covers some of the subject matter covered under the statutes in litigation. Provided in the Act are guidelines for the juvenile court to follow in cases involving the termination of parental rights. This statute expressly states who may file a petition "to terminate any or all of the legal rights of one or more parents with respect to a child":
A petition may be filed by any public or private licensed child-placing agency or parent, with permission of the court, or any interested party. (Acts 1984, No. 84-261, § 5.)
Code 1975, § 26-18-5. Although this statute was not in force at the time Johnson filed her petition, it clearly evidences the legislature's intent to allow parents to initiate such actions. It is a fundamental principle of statutory construction that statutes covering the same or similar subject matter should be construed in pari materia. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974).
Moreover, there is no logical reason to allow only the state to file a petition to have parental rights terminated. Why should a parent, who has direct knowledge and familiarity with a situation, be required to go to the state to obtain such a result, when it would be more direct for the parent to file the petition?
Even the Court of Civil Appeals, in the portion of its opinion excerpted above, acknowledged that "any interested party may sign a petition calling for the proceedings" (emphasis added), but went on to say, however, that "the typical design of the proceedings is to seek removal of the affected child from the custody of its parents." That court thus reasoned that a parent could not file the petition, since the typical purpose of such a petition was to remove the child from the parent's custody.
Although we know that many cases have been, and will be, filed by the state to terminate parental rights, this is not to say that the state has exclusive authority in this regard.
As we have said, our examination of Code 1975, § 12-15-50, et seq., reveals nothing which proscribes one parent's filing of a petition to terminate the other parent's parental rights. We also can find no compelling reason for a rule mandating that only the state initiate such actions. Furthermore, the 1984 Child Protection *718 Act, which expressly allows a parent to file the petition, and which is to be considered in pari materia with the act sub judice, evidences legislative intent in the area. We therefore hold that the Court of Civil Appeals was incorrect in concluding that Johnson could not file a petition to terminate Abney's parental rights.
The issue we now address is whether there was sufficient evidence presented to the trial court to warrant the termination of Abney's parental rights. Where the trial court hears ore tenus testimony and has an opportunity to observe the parties on the stand and in the courtroom, the judgment of the trial court will not be disturbed on appeal, unless found to be so unsupported by the evidence and contrary to law as to be plainly and palpably wrong and unjust. In re Palmer, 387 So.2d 215 (Ala.Civ.App.1980).
The Court of Civil Appeals concluded that the termination of Abney's parental rights was plainly and palpably wrong in light of the evidence presented at the trial. We disagree. The facts stated in the opinion of the Court of Civil Appeals are sufficient to support the judgment of the trial court. Not only were there facts showing that the father had not supported the child, but there were also facts tending to show that the father had even abandoned the child. The termination of Abney's parental rights was not so unsupported by the evidence as to be plainly and palpably wrong or manifestly unjust.
We, therefore, hold that Johnson was a proper party to bring this petition for termination of parental rights in the juvenile, court, and that the court's termination of Abney's parental rights is supported by the evidence. For these reasons, the decision of the Court of Civil Appeals is reversed and the judgment of the Juvenile Court of Jefferson County is hereby reinstated.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.
FAULKNER, JONES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX, J., dissent.
ALMON and SHORES, JJ., not sitting.
MADDOX, Justice (dissenting).
I would affirm the judgment of the Court of Civil Appeals; therefore, I must respectfully dissent.
TORBERT, C.J., concurs.