ROBERT M. PARKER, Retired Circuit Judge.
This is a termination of parental rights case.
Appellant-mother, on appeal, contends that the trial court abused its judicial discretion in terminating her parental rights.
The record reveals the mother entered University of South Alabama Medical Center on October 21, 1983, and on that date gave birth to Kimberly Ann. Some hours later that night, the mother surreptitiously left the hospital, leaving the baby. The mother had given a false address on her *1089 admission to the hospital and it was several days before the Department of Pensions and Security (D.P.S.) located her. On October 25, 1983, temporary custody of Kimberly Ann was given to D.P.S. On October 26, 1983, the mother, in court, stated she wished D.P.S. to have temporary custody as she was unemployed and unable to provide for her baby. The court again gave temporary custody of Kimberly Ann to D.P.S. and set further hearing for December 16, 1983. The mother failed to appear for the hearing in December after notice. On May 31, 1984, D.P.S. filed a petition to terminate the parental rights of the mother. Hearing was held on August 10, 1984, and .continued until October 24, 1984. The mother appeared for the August hearing but failed to appear for the October hearing. The court then terminated the parental rights of the mother, Longean Marie Gordon, and the unnamed father. Permanent custody of Kimberly Ann was awarded to D.P.S.
The conduct of Longean Gordon is biz-zare. She has three other children, two by a previous marriage and one born out of wedlock. Her attitude toward Kimberly Ann and D.P.S. has been insensitive and belligerent. She has seen the child only once since birth. That was at the court hearing in August. She refuses to name the father of the child. She refuses to allow D.P.S. to visit her home or make investigation of her, threatening suit for violation of her civil rights. She has failed to keep appointments with D.P.S. and to attend court hearings. She has kept the birth of Kimberly Ann a secret from her family and the community. She lives with one or two brothers who, she states, are not a good influence on children. There was no heat in her home during the winter. She has refused offers of assistance from D.P.S. Her income, if any, is unknown, but she stated she worked thirteen hours a week at a local bank.
Alabama courts indulge a presumption that parental custody will be in the best interests of a child. Borsdorf v. Mills, 49 Ala.App. 658, 275 So.2d 338 (1973). But the ultimate consideration in child custody cases is the child’s welfare. Phillips v. Alabama Department of Pensions and Security, 394 So.2d 51 (Ala.Civ. App.1981). The prima facie right of a natural parent to custody of his or her child is therefore overcome where it is shown that such custody would be contrary to the child’s best interest. In re Palmer, 387 So.2d 215 (Ala.Civ.App.1980). The decision of the trial court after an ore tenus hearing is presumed correct and will only be reversed for plain and palpable abuse of discretion. Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App.1980).
After reading and studying the record before us and briefs of counsel, the evidence was clear and convincing that it would be in the child’s best interest to terminate the parental rights of Longean Gordon. See, Lewis v. State Department of Pensions and Security, 426 So.2d 862 (Ala.Civ.App.1983). She abandoned the child, gave fictitious information, has exhibited no interest in the child, has kept the birth of the child a secret from her family and friends, has failed to attend court proceedings concerning custody of the child, apparently does not have the physical means to care for the child, and she has adamantly refused help from D.P.S. to aid and assist her to obtain custody of her child.
We find that the judgment rendered by the trial court was in the best interest of the child and not palpably wrong.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.