This is a termination of parental rights case.
The divorced parents jointly filed a petition to terminate the parental rights of the father as to David, their two and one-half *Page 613 
year old only child. Therein, the father affirmatively stated his desire to surrender any and all of his parental rights and stated that he believed that such action would be in the best interests of the minor child.
A report to the Department of Pensions and Security was a portion of the evidence in this case. This report concluded that it was in David's best interests that the father's parental rights be terminated. There was nothing adverse in the report as to the mother. Rather, it strongly indicated that she does an admirable job in providing for the needs of and caring for David and her daughter by a previous marriage. David appeared to be well adjusted and happy living with his mother.
Testimony which was heard by the trial court did not conflict in any material respect.
The mother is thirty-three years of age. She owns her own home, where she has resided for the past ten years. The mother earns an average of about $1,200 per month from several sources — as a bookkeeper, credit worker, Avon products saleslady, seamstress, notary public, and child-care worker. She is current with her house mortgage payments and with all of her bills. The mother maintains a $100,000 life insurance policy upon the father, with David being the beneficiary thereof.
The parties were divorced at a time when the mother was about three months pregnant with David. The divorce was largely precipitated when the father attempted to persuade the mother to have an abortion and she refused to do so. The judgment of divorce made no custody award.
When David was born the father did not visit him in the hospital. As a matter of fact, both parents explicitly testified that the father has never attempted to see David, that he has never visited with David, that he has never even seen David, that he has never paid any child support or provided any money for the child's benefit since his birth, and that, while the mother has requested support from the father on many occasions, he has consistently refused to support David. The father did provide $100 towards the mother's hospital stay.
The father is twenty-eight years of age. He has been a deputy sheriff for three years. His salary is $741 every two weeks. He owns no real estate but has an equity in his vehicle and has a moderate bank account.
The mother stated that she wants to terminate the father's parental rights because he has no interest in David, is not stable, is not child oriented, is short of patience, and has a bad temper. The parents disagree over the child's religious upbringing as a Jew. The mother is very concerned over bickering about custody and visitation and the effect it might have upon David, who is presently well adjusted.
The father testified that he desires that his rights as to the child be terminated since the parents disagree upon a number of areas, such as religion, and that it would not be right to emotionally harm David over the father. In that regard, the father swore that it was better for the mother to raise the child and that he has no desire to visit with or to know David. When asked if he would try to visit David in the future, his reply was, "Who knows what is in the future?"
In denying the petition to terminate parental rights, the trial court found that it was not in David's best interests to terminate his father's parental rights, there being no evidence of any harm to the child by the father. The trial court further found that David's future rights to support, inheritance, and paternal affiliation would not be protected by a termination in this matter. The mother appealed. The guardian ad litem who was appointed to represent David's interests supports the final judgment of the trial court.
The evidence before the trial court was not in dispute as to any material fact. Therefore, the ore tenus rule does not apply, and this court must sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court's application of the law to the facts. "Where the facts of a case are uncontradicted the rule of law which states that the appellate court *Page 614 
must defer to the trial court in regard to findings of fact has no application." Stiles v. Brown, 380 So.2d 792, 794 (Ala. 1980).
The 1984 Child Protection Act (the act) defines "abandonment" as being:
 "A voluntary and intentional relinquishment of the custody of a child by a parent, or a withholding from the child, without good cause or excuse, by the parent, of his presence, care, love, protection, maintenance or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent."
Code 1975, § 26-18-3. It is indisputable that the father abandoned David in almost all possible ways as defined by the act.
If a father is unwilling to discharge his responsibilities to and for a child, the trial court may terminate parental rights. In making that determination, the trial court shall consider the father's abandonment of the child, his failure to provide for the child's material needs and to pay a reasonable portion of the child's support while he was able to do so, his failure to maintain regular visits with the child, and his failure to maintain contact or communication with the child. Code 1975, §§ 26-18-7(a) and -7(b). Each of the above factors was here present, was totally adverse to the father, and was due to be considered.
Where a father abandons a child for six months before a termination petition is filed, that fact constitutes a rebuttable presumption that he was unable or unwilling to act as a father. Code 1975, § 26-18-7(c). That presumption applies in this case, and it was not rebutted by an iota of testimony. Even without the benefit of that presumption, the undisputed evidence was that the father has never acted or attempted to act as David's father in any respect. Two and one-half years of the father's failure to act, neglect, and behavior as if David did not exist certainly constitutes ample time and clear reasons to terminate his parental rights as to this young child.
In short, we are clearly convinced after a very thorough study of the undisputed evidence that it is in David's best interests that the father's parental rights as to David be terminated. The learned trial court abused its judicial discretion in not doing so. Accordingly, this case is reversed and it is remanded to the trial court where a judgment shall be promptly entered which terminates the father's parental rights as to his son David.
The mother's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.