INGRAM, Presiding Judge.
This case concerns the termination of the parental rights of Byron E. Beasley relative to his son, Barrett Ryan Beasley. The petition to terminate those rights was filed by the child’s mother, Karen Walker Beasley. After a hearing, the juvenile court found that the child was not dependent, but that a finding of dependency was not required in order to terminate parental rights in cases such as this. The court further found that the father had abandoned the child pursuant to the definition of abandonment in the 1984 Child Protection Act, § 26-18-3(1), Ala.Code 1975 (1986 Repl. Vol.). The court then held that granting the mother’s petition would be in the child’s best interests and terminated the father’s parental rights. The child’s guardian ad litem now appeals to this court.
The basis of the mother’s petition is the abdication by the father of his parental role. His visits with the child have been sporadic, and his contributions to the child’s support have been infrequent. This pattern began with the birth of the child, when the father was employed as a bus driver for touring musical groups, and continued after the divorce of the parties. The father last saw the child during Christmas of 1987, and he has not paid any child support since early 1988. (We note that the father has never been required by court order to pay child support and that the parents’ divorce decree was modified in May 1988 to terminate his visitation rights.) The father’s relatives live in the area, but they have only occasional contact with him and do not know his current address or how to reach him. They also have not seen the child since December 1987. The father was served by publication and was not present at the hearing.
The child is presently six years old. He lives with his mother and grandfather, who obviously love him and provide a good home for him. The grandfather is retired and cares for the child when the mother is at work. The mother filed her petition because she felt that the inconsistency of the father’s visits was emotionally traumatic for the child, she wanted to resume her maiden name of Walker and change the child’s surname to Walker, and she wanted to ensure that the father and his relatives would not be able to assert custody claims if she were to die during the child's minority-
The dispositive issue on appeal is whether a trial court must make a finding of dependency before parental rights in a child may be terminated.
*949 The mother argues that a finding of dependency pursuant to § 12-15-65(e) is only required in those cases in which a nonpar-ent seeks to terminate a parent’s parental rights. She contends that the 1984 Child Protection Act (§§ 26-18-1 through 26-18-10, Ala.Code 1975 (1986 Repl.Vol.)) governs in a situation in which the custodial parent seeks to have the other parent’s rights terminated based on his or her abandonment of the child, relying on Ex parte Johnson, 474 So.2d 715 (Ala.1985). We cannot agree.
Ex parte Johnson stands for the premise that a parent is a proper party to file a petition to terminate the other parent’s parental rights. The facts in that case are similar to those in the instant case in that the mother filed her petition for termination of the father’s rights because he had neither contacted nor supported the child for several years. The supreme court did find that the trial court’s termination of the father’s parental rights was supported by the evidence. The critical difference that distinguishes Johnson from the ease before us is that the trial court in Johnson terminated the father’s rights only after finding that the minor child was dependent. See Abney v. Johnson, 474 So.2d 712 (Ala.Civ.App.1984) (reversed by Ex parte Johnson, supra).
Our holding in the case before us is based squarely on the decision of the Supreme Court of Alabama in Ex parte Brooks, 518 So.2d 614 (Ala.1987), which states as follows:
“Before -parental rights will be terminated, the Court must determine from clear and convincing evidence that the child is dependent and, after having made a finding of dependency, must determine whether there exists a remedy less drastic than termination of those rights.”
513 So.2d at 617 (emphasis added). The mother contends that Brooks is inapplicable in this case because the father in Brooks joined with the mother in requesting the termination of his parental rights. Clearly, Brooks holds that a parent cannot voluntarily escape his obligation to support his child through the termination of parental rights. The evidence in Brooks revealed a father who had never seen his child and had contributed nothing to his support, despite requests for assistance by the mother. Without considering the question of dependency, this court found that the father in that case had abandoned his son and that his conduct constituted ample grounds to terminate his parental rights. See In re Stephenson, 513 So.2d 612 (Ala. Civ.App.1986) (reversed by Ex parte Brooks, supra). In reversing, the supreme court stated that “[t]he Court of Civil Appeals made no finding of dependency in the present case.” A plain reading of Brooks indicates the necessity of a finding of dependency of the child even when the conduct of the noncustodial parent constitutes abandonment of the child.
The 1984 Child Protection Act provides guidelines for juvenile courts to be used in cases involving the termination of parental rights. Those guidelines include factors that a court should consider “[i]n determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child.” One such factor is the abandonment of the child. § 26-18-7(a)(l). On the other hand, §§ 12-15-50 through 12-15-76, Ala.Code 1975 (1986 Repl.Vol.), set forth the procedures involved in declaring a child dependent. See Ex parte Brooks and Ex parte Johnson, supra. In light of the decision in Brooks, we cannot find that the 1984 Child Protection Act negates the necessity for the requisite finding of the child’s dependency in any termination of parental rights, regardless of whether the petition is brought by a parent or nonparent.
We are, therefore, bound to hold that a finding of dependency by the trial court was required in this case before the father’s parental rights could be terminated. The trial court specifically found that this child is not dependent; hence, it was precluded from terminating the father’s parental rights. Its judgment is reversed.
This cause is remanded to the trial court for entry of a judgment reinstating the father’s parental rights.
*950 In view of the foregoing, other issues raised by the guardian ad litem are preter-mitted.
REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.