TYSON, Judge.
Edwrick Venor Fowler was indicted, tried, and convicted for robbery in the first degree in the Circuit Court of Tuscaloosa County, Alabama, on November 3, 1982. He was sentenced to life imprisonment without parole as a habitual felony offender. This court affirmed his conviction on March 20,1984. Fowler v. State, 448 So.2d 477 (Ala.Cr.App.1984) (hereinafter referred to as Fowler I).
In 1985, the appellant filed a petition for writ of error coram nobis. The trial judge, following a hearing on the appellant’s petition, entered a lengthy written order, denying the petition. (R. 47-52.) The grounds of the trial judge’s denial of the petition were as follows: (1) the matters raised in his petition could have and should have been raised on direct appeal, see Summers v. State, 366 So.2d 336 (Ala.Cr.App.1978), cert. denied, 366 So.2d 346 (Ala.1979); and (2) some of the issues had been previously raised by the appellant either in the trial court or on his direct appeal in Fowler I and had been decided adversely to his position.
On April 3, 1989, the appellant filed a Rule 20 petition in the Tuscaloosa Circuit Court, again seeking relief from his conviction. The State filed a motion to dismiss the petition in the trial court, arguing the statute of limitations (two years) had expired, and that the appellant was thus procedurally barred by Rule 20.2(c), A.R.Crim. *404 P.Temp. On April 14, 1989, the trial court entered an order dismissing the appellant’s petition. That order is set out in full as follows:
“EDWRICK VENOR! FOWLER, PETITIONER,
“vs.
“THE STATE OF ALABAMA,
“In the Circuit Court of Tuscaloosa County, Alabama
“Case No. CC-82-877.62) “ORDER OF THE COURT
“Petitioner Fowler filed a petition for post-conviction relief attacking the conviction for robbery in the first degree and the sentence of life imprisonment in Case No. CC-82-877. The State has filed a motion to dismiss.
“Petitioner previously filed two petitions for writs of error coram nobis in this Court attacking the same conviction and sentence. The first petition was dismissed as untimely filed. On July 23, 1985, after a hearing on the second petition, this Court entered a final order which made certain findings and denied on the merits the second petition. The denial was upheld by the Alabama Court of Criminal Appeals without opinion on January 28, 1986 (No. 85-86).
“The present petition attacking the stated conviction and sentence is due to be dismissed for the following reasons:
“a. The present petition contains several averments which are time-barred by Ala.R.Crim.P.[Temp.] 20.2(c).
“b. The present petition is a third petition that alleges identical or virtually identical grounds to the second petition which falls squarely within the prohibition of Ala.R.Crim.P.[Temp.] 20.2(b). The grounds reasserted in this petition are virtually allegation-for-allegation the same as the grounds asserted in the second petition. Those grounds previously reviewed are not reviewable again by this Court on this post-conviction petition. The Court cannot give post-conviction relief on any ground (a) ‘[wjhich could have been but was not raised at trial,’ or (b) ‘[wjhich was raised or addressed on appeal or in any previous collateral proceeding.’ Ala.R.Crim. P.[Temp.j 20.2(a). Moreover, the Court cannot ‘grant relief on a second or successive petition on the same or similar grounds,’ or on different grounds ‘unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that the failure to entertain the petition will result in a miscarriage of justice.’ Ala.R.Crim.P.[Temp.j 20.2(b). Additionally, the Court cannot ‘entertain any petition for relief from a conviction or sentence on’ certain other grounds asserted in the present petition.”
The appellant thereafter, on January 19, 1990, filed with this court a motion for an out-of-time appeal, alleging that his counsel did not receive copies of the motion to dismiss or of the trial court’s order dismissing his third petition. This court transferred that motion back to the trial court for consideration.
A hearing was held in the trial court on that motion and, on March 5, 1990, the trial court entered a written order denying it. The trial court, in so doing, “incorporated” its July 22, 1985, order and its April 12, 1989, order into its final order of March 5, 1990. The appellant now appeals from the denial of his third Rule 20 petition.
We have reviewed the appellant’s contentions and agree with the trial court that the third petition is procedurally barred by Rule 20.2(b) and (c), A.R.Crim.P.Temp. The third petition raises similar grounds raised in the appellant’s second petition for post-conviction relief and is time-barred by virtue of the lapse of the applicable period of limitations. The appellant has failed to show cause why this court should find otherwise. Ex parte Thomas, 549 So.2d 95 (Ala. 1989); Mullins v. State, 555 So.2d 1156 (Ala.Cr.App. 1989), cert, denied (Ala. 1990); See McConico v. State, 522 So.2d 331 (Ala.Cr.App.1988).
*405 For the reasons stated, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.