611 So.2d 472 (1992)
STATE of Alabama
v.
James THOMAS.
No. CR 91-195.
Court of Criminal Appeals of Alabama.
September 30, 1992.
Rehearing Denied November 13, 1992.
Certiorari Denied January 29, 1993.
*473 James H. Evans, Atty. Gen., and Robin Blevins, Asst. Atty. Gen., for appellant.
George Cameron III, Montgomery, and James Thomas, Atmore, for appellee.
Alabama Supreme Court 1920283.
BOWEN, Judge.[1]
This is an appeal by the State from the granting of a petition for post-conviction relief. In 1990, James Thomas, the petitioner, pleaded guilty to, and was convicted of, attempted murder. There was no appeal from that conviction. In a petition for post-conviction relief filed pursuant to Rule 32, A.R.Crim.P., the petitioner claimed that his plea was neither knowing nor voluntary and that he was denied the effective assistance of counsel. The basis for the petitioner's claims lies in his contention that he was not properly informed of the consequences of his guilty plea.
The petitioner pleaded guilty in order to avoid a sentence of imprisonment for life without parole, and he was sentenced to life imprisonment as a habitual felony offender pursuant to Ala.Code 1975, § 13A-5-9. The Alabama Habitual Felony Offender Act (HFOA) as it presently appears was enacted on July 30, 1979 (1979 Ala. Acts 1163, Act No. 79-664, § 1), and became effective on January 1, 1980. See Title 13, Alabama Code 1975, Vol. 12, p. 1, Code Commissioner's Note. The HFOA specifically repealed "all other laws that conflict with this act." 1979 Ala. Acts 1163, Act No. 79-664.
Although the petitioner was sentenced to life imprisonment he is not eligible for parole pursuant to Ala.Code 1975, § 15-22-27.2, which provides:
"In all cases where a criminal defendant has been convicted of a Class A felony committed after a previous conviction of another Class A felony, and such second conviction results in a sentence to imprisonment for life, he shall not be eligible for parole."
That section became effective on May 23, 1977. 1977 Ala. Acts 1088, Act No. 640. That section was not specifically repealed by the adoption of either the Alabama Criminal Code or the HFOA. See Table I, Sections Repealed, Alabama Code 1975, Vol. 12, pp. 1-2. At the hearing on the petition, it became clear that the petitioner *474 was actually contesting the Department of Corrections' application of § 15-22-27.2 to his sentence.
The trial court held that § 15-22-27.2 did not apply to the petitioner:
"This Court hereby holds that this Petitioner was sentenced under the Habitual Offender Act to life. The Petitioner was not sentenced to life without parole. A statute which, if applied, operates to impose a sentence different from the sentence imposed under the HOA clearly conflicts with the HOA.
"Since the legislature repealed `specific sections which conflict' with the HOA in 1979, the pre-existing statute (1977) was repealed to the extent that it conflicts with HOA. It is the holding of the Court that as applied to this specific Petitioner, the HOA supersedes § 15-22-27.2 and his sentence should be life and not life without parole. The Court has reviewed the case of Fowler v. State, 448 So.2d 477 [(Ala.Cr.App.1984)], and considers that case to be distinguishable from the instant case because nothing in the Fowler opinion indicates that Defendant was sentenced under the HOA.
"Nothing in this Order shall be construed to interfere with the discretionary functions of the DOC or the discretion of the Parole Board ... to determine the date of eligibility or whether to grant Parole." R. 32.
"It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute." Miller v. State, 349 So.2d 129, 131 (Ala.Cr. App.1977). "[S]ections of the Code dealing with the same subject are in pari materia." Kelly v. State, 273 Ala. 240, 242, 139 So.2d 326, 328 (1962). "It is a fundamental principle of statutory construction that statutes covering the same or similar subject matter should be construed in pari materia." Ex parte Johnson, 474 So.2d 715, 717 (Ala. 1985).
"As a general rule, such statutes should be construed together to ascertain the meaning and intent of each." Locke v. Wheat, 350 So.2d 451, 453 (Ala.1977). However, here the two statutes clearly conflict. Under the HFOA, a sentence of life without parole is authorized only upon a conviction of a Class A felony after a defendant has been previously convicted of any three felonies, but without consideration of the "class" of those prior felonies. § 13A-5-9(c)(3). However, under § 15-22-27.2, a defendant who is convicted of a Class A felony and sentenced to life imprisonment actually receives a sentence of life without parole if he has one prior conviction for a Class A felony. Under the HFOA, a defendant convicted of a Class A felony with one prior Class A felony (or Class B or C felony) conviction could only be "punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years." § 13A-5-9(a)(3).
We conclude that the Alabama Habitual Felony Offender Act implicitly and effectively repeals Ala.Code 1975, § 15-22-27.2, to the extent that § 15-22-27.2 conflicts with the HFOA.
"This Court in Allgood v. Sloss-Sheffield Steel & Iron Co., 196 Ala. 500, 501, 71 So. 724 (1916) held:
"`"Where an amendment is made that changes the old law in its substantial provisions, it must, by a necessary implication, repeal the old law so far as they are in conflict. And where a new law, whether it be in the form of an amendment or otherwise, covers the whole subject-matter of the former, and is inconsistent with it, and evidently intended to supersede and take the place of it, it repeals the old law by implication."' (Citations omitted).
"....
"Repeal by implication is admittedly not a favored rule of statutory construction, but in State v. Bay Towing and Dredging Company, 265 Ala. 282, 289, 90 So.2d 743, 749 (1956), we find:
"`In Alabama, the law governing implied repeals is well-settled and the cases on this point are singularly consistent. See 18 Ala.Dig., Statutes, Key 159 & 160. A concise statement of the rule is contained in City of Birmingham *475 v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159, 162:
"`"Repeal by implication is not favored. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. * * * "'
"`Implied repeal is essentially a question of determining the legislative intent as expressed in the statutes. Ex parte Jones, 212 Ala. 259, 260, 102 So. 234. When the provisions of two statutes are directly repugnant and cannot be reconciled, it must be presumed that the legislature intended an implied repeal, and the later statute prevails as the last expression of the legislative will....'"
Fletcher v. Tuscaloosa Federal Savings & Loan Association, 294 Ala. 173, 176-77, 314 So.2d 51, 54-55 (1975).
We affirm the judgment of the circuit court granting the petition for post-conviction relief. However, because § 15-22-27.2 does not apply to the petitioner, the petitioner was not misinformed of the consequences of his guilty plea. The appellant's guilty plea and conviction remain in effect. The appellant has been properly sentenced to life imprisonment after the knowing, intelligent, and voluntary entry of a guilty plea. The Habitual Felony Offender Act has implicitly repealed § 15-22-27.2, and that section has no application to the appellant's sentence of life imprisonment.
The judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, P.J., and TAYLOR and MONTIEL, JJ., concur.
McMILLAN, J., dissents with opinion.
McMILLAN, Judge, dissenting.
I respectfully dissent from the majority opinion because I do not believe that the appellant's guilty plea was knowingly and voluntarily entered. The appellant contends that after he was incarcerated, prison officials informed him that, pursuant to § 15-22-27.2, Code of Alabama 1975, he was ineligible for parole and that he therefore would be treated as serving a term of life without parole. The defendant sought relief on the grounds that his plea had been involuntary and that his trial counsel had been ineffective because, he says, neither counsel nor the trial court informed him of this statutory provision. He stated that his sole reason for pleading guilty had been to avoid the risk of a sentence of life imprisonment without parole. The trial court, after a hearing, granted the petition on the ground that the Habitual Felony Offender Act, under which the defendant was sentenced to life imprisonment, conflicts with and supersedes § 15-22-27.2, because the application of the latter statute effectively mandates a sentence of life imprisonment without parole.
It is undisputed that the petitioner has at least four previous felony convictions. However, as the assistant district attorney noted at the hearing on the petition, the State apparently "didn't have all priors" at the time of sentencing. The trial court agreed, stating that "we took what we had so the guy could get life instead of life without." The trial court stated that its intention had been to sentence the petitioner to life imprisonment.
I do not believe the record indicates that the petitioner was properly informed as to the consequences of his guilty plea.
"Because a defendant should be advised of the worse to expect from pleading guilty, he should be advised of [a] special parole term [which can result in his being incarcerated longer than the maximum imprisonment otherwise provided] in cases where it applies. By contrast, with respect to the more usual types of parole and probation there is no need specifically to advise the defendant that if he achieves such conditional release status, then any violation of a condition of the release could result in revocation. But because the availability of parole is assumed by the average defendant, the better view is that the defendant should be so advised if the offense *476 to which he is pleading may not lead to parole."
W. LaFave and J. Israel, Criminal Procedure § 20.4(d) (1984).
There is no evidence that the petitioner in the present case was advised that a guilty plea would render him ineligible for parole, and he therefore is entitled to relief. The proper remedy is an opportunity to withdraw his plea. Therefore, I believe this cause should be remanded to the trial court, so that the petitioner can determine whether he wishes to withdraw his guilty plea.
NOTES
[1] This case was originally submitted to another judge on this Court on January 21, 1992. It was transferred to Judge Bowen on August 10, 1992.