This is an appeal by the State from the granting of a petition for post-conviction relief. In 1990, James Thomas, the petitioner, pleaded guilty to, and was convicted of, attempted murder. There was no appeal from that conviction. In a petition for post-conviction relief filed pursuant to Rule 32, A.R.Crim.P., the petitioner claimed that his plea was neither knowing nor voluntary and that he was denied the effective assistance of counsel. The basis for the petitioner's claims lies in his contention that he was not properly informed of the consequences of his guilty plea.
The petitioner pleaded guilty in order to avoid a sentence of imprisonment for life without parole, and he was sentenced to life imprisonment as a habitual felony offender pursuant to Ala. Code 1975, § 13A-5-9. The Alabama Habitual Felony Offender Act (HFOA) as it presently appears was enacted on July 30, 1979 (1979 Ala. Acts 1163, Act No. 79-664, § 1), and became effective on January 1, 1980. See Title 13, Alabama Code 1975, Vol. 12, p. 1, Code Commissioner's Note. The HFOA specifically repealed "all other laws that conflict with this act." 1979 Ala. Acts 1163, Act No. 79-664.
Although the petitioner was sentenced to life imprisonment he is not eligible for parole pursuant to Ala. Code 1975, §15-22-27.2, which provides:
 "In all cases where a criminal defendant has been convicted of a Class A felony committed after a previous conviction of another Class A felony, and such second conviction results in a sentence to imprisonment for life, he shall not be eligible for parole."
That section became effective on May 23, 1977. 1977 Ala. Acts 1088, Act No. 640. That section was not specifically repealed by the adoption of either the Alabama Criminal Code or the HFOA. See Table I, Sections Repealed, Alabama Code 1975, Vol. 12, pp. 1-2. At the hearing on the petition, it became clear that the petitioner *Page 474 
was actually contesting the Department of Corrections' application of § 15-22-27.2 to his sentence.
The trial court held that § 15-22-27.2 did not apply to the petitioner:
 "This Court hereby holds that this Petitioner was sentenced under the Habitual Offender Act to life. The Petitioner was not sentenced to life without parole. A statute which, if applied, operates to impose a sentence different from the sentence imposed under the HOA clearly conflicts with the HOA.
 "Since the legislature repealed 'specific sections which conflict' with the HOA in 1979, the pre-existing statute (1977) was repealed to the extent that it conflicts with HOA. It is the holding of the Court that as applied to this specific Petitioner, the HOA supersedes § 15-22-27.2 and his sentence should be life and not life without parole. The Court has reviewed the case of Fowler v. State, 448 So.2d 477
[(Ala.Cr.App. 1984)], and considers that case to be distinguishable from the instant case because nothing in the Fowler opinion indicates that Defendant was sentenced under the HOA.
 "Nothing in this Order shall be construed to interfere with the discretionary functions of the DOC or the discretion of the Parole Board . . . to determine the date of eligibility or whether to grant Parole." R. 32.
"It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute." Miller v. State, 349 So.2d 129, 131
(Ala.Cr.App. 1977). "[S]ections of the Code dealing with the same subject are in pari materia." Kelly v. State, 273 Ala. 240,242, 139 So.2d 326, 328 (1962). "It is a fundamental principle of statutory construction that statutes covering the same or similar subject matter should be construed in parimateria." Ex parte Johnson, 474 So.2d 715, 717 (Ala. 1985).
"As a general rule, such statutes should be construed together to ascertain the meaning and intent of each."Locke v. Wheat, 350 So.2d 451, 453 (Ala. 1977). However, here the two statutes clearly conflict. Under the HFOA, a sentence of life without parole is authorized only upon a conviction of a Class A felony after a defendant has been previously convicted of any three felonies, but without consideration of the "class" of those prior felonies. § 13A-5-9(c)(3). However, under § 15-22-27.2, a defendant who is convicted of a Class A felony and sentenced to life imprisonment actually receives a sentence of life without parole if he has one prior conviction for a Class A felony. Under the HFOA, a defendant convicted of a Class A felony with one prior Class A felony (or Class B or C felony) conviction could only be "punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years." § 13A-5-9(a)(3).
We conclude that the Alabama Habitual Felony Offender Act implicitly and effectively repeals Ala. Code 1975, § 15-22-27.2, to the extent that § 15-22-27.2 conflicts with the HFOA.
 "This Court in Allgood v. Sloss-Sheffield Steel Iron Co., 196 Ala. 500, 501, 71 So. 724 (1916) held:
 " ' "Where an amendment is made that changes the old law in its substantial provisions, it must, by a necessary implication, repeal the old law so far as they are in conflict. And where a new law, whether it be in the form of an amendment or otherwise, covers the whole subject-matter of the former, and is inconsistent with it, and evidently intended to supersede and take the place of it, it repeals the old law by implication." ' (Citations omitted).
". . . .
"Repeal by implication is admittedly not a favored rule of statutory construction, but in State v. Bay Towing and DredgingCompany, 265 Ala. 282, 289, 90 So.2d 743, 749 (1956), we find:
 " 'In Alabama, the law governing implied repeals is well-settled and the cases on this point are singularly consistent. See 18 Ala.Dig., Statutes, Key 159 160. A concise statement of the rule is contained in City of Birmingham *Page 475 v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159, 162:
 " ' "Repeal by implication is not favored. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former. * * *" '
 " 'Implied repeal is essentially a question of determining the legislative intent as expressed in the statutes. Ex parte Jones, 212 Ala. 259, 260, 102 So. 234. When the provisions of two statutes are directly repugnant and cannot be reconciled, it must be presumed that the legislature intended an implied repeal, and the later statute prevails as the last expression of the legislative will. . . .' "
Fletcher v. Tuscaloosa Federal Savings Loan Association,294 Ala. 173, 176-77, 314 So.2d 51, 54-55 (1975).
We affirm the judgment of the circuit court granting the petition for post-conviction relief. However, because §15-22-27.2 does not apply to the petitioner, the petitioner was not misinformed of the consequences of his guilty plea. The appellant's guilty plea and conviction remain in effect. The appellant has been properly sentenced to life imprisonment after the knowing, intelligent, and voluntary entry of a guilty plea. The Habitual Felony Offender Act has implicitly repealed § 15-22-27.2, and that section has no application to the appellant's sentence of life imprisonment.
The judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, P.J., and TAYLOR and MONTIEL, JJ., concur.
McMILLAN, J., dissents with opinion.