BROWN, Judge.
The appellant, Willie G. Goldsmith, appeals from the Montgomery Circuit Court’s summary dismissal of his petition for certiorari review, in which Goldsmith contended that the Alabama Board of Pardons and Paroles improperly barred him from being considered for parole.
As best we are able to determine from the record, on August 15, 1978, Goldsmith was *81 convicted of assault with intent to murder and received a five-year sentence. Thereafter, on September 25,1981, the appellant was convicted of murder and he was sentenced to life imprisonment as a habitual offender, pursuant to § 13A-5-9. On April 16, 1990, the Board of Pardons and Paroles notified the appellant in writing that his case had been reviewed and that he was not eligible for parole, pursuant to § 15-22-27.1, Code of Alabama 1975.
On February 3, 1998, Goldsmith filed a petition for a writ of certiorari, arguing that the Board of Pardons and Paroles could not bar his eligibility based on § 15-22-27.1, Code of Alabama 1975, because that statute was repealed when the Alabama Legislature enacted the Habitual Felony Offender Act. We agree.
The current version of Alabama’s Habitual Felony Offender Act (“HFOA”) was enacted on July 30, 1979 (Act No. 79-664, § 1, 1979 Ala. Acts 1163), and became effective on January 1, 1980. See Title 13, Alabama Code 1975, Vol. 12, p. 1, Code Commissioner’s Note. The HFOA specifically repealed “all other laws that conflict with this act.” Act No. 79-664.
Although Goldsmith was sentenced to life imprisonment, § 15-22-27.1 provides that he is not eligible for parole. That Code section reads as follows:
“Any person convicted of any act, or attempt to commit the act, of murder, rape, robbery or assault with a deadly weapon, the commission of which directly and proximately resulted in serious physical injury to another and the commission of which follows within five years a previous conviction of another felony, or attempt thereof, resulting in serious physical injury to another, shall upon conviction serve such sentence as may be imposed without benefit of parole, notwithstanding any law to the contrary.”
That statute became effective May 23, 1977. Act No. 639, 1977 Ala. Acts 1088. It was not specifically repealed by the adoption of either the Alabama Criminal Code or the HFOA. See Table I, Sections Repealed, Alabama Code 1975, Vol. 12, pp. 1-2.
In State v. Thomas, 611 So.2d 472 (Ala.Cr.App.1992), this Court was called upon to determine whether the HFOA effectively repealed § 15-22-27.2, Code of Alabama 1975. That statute, a companion statute to § 15-22-27.1, barred from consideration for parole persons sentenced to life imprisonment upon the second conviction for a Class A felony. In concluding that the HFOA had effectively repealed § 15-22-27.2, to the extent that it conflicted with the HFOA, we wrote:
“ ‘It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute.’ Miller v. State, 349 So.2d 129, 131 (Ala.Cr.App.1977). ‘[Sjections of the Code dealing with the same subject are in pari materia.’ Kelly v. State, 273 Ala. 240, 242, 139 So.2d 326, 328 (1962). ‘It is a fundamental principle of statutory construction that statutes covering the same or similar subject matter should be construed in pari materia.’ Ex parte Johnson, 474 So.2d 715, 717 (Ala.1985).
“ ‘As a general rule, such statutes should be construed together to ascertain the meaning and intent of each.’ Locke v. Wheat, 350 So.2d 451, 453 (Ala.1977). However, here the two statutes clearly conflict. Under the HFOA, a sentence of life without parole is authorized only upon a conviction of a Class A felony after a defendant has been previously convicted of any three felonies, but without consideration of the ‘class’ of those prior felonies. § 13A-5-9(c)(3). However, under § 15-22-27.2, a defendant who is convicted of a Class A felony and sentenced to life imprisonment actually receives a sentence of life without parole if he has one. prior conviction for a Class A felony. Under the HFOA, a defendant convicted of a Class A felony with one prior Class A felony (or Class B or C felony) conviction could only be ‘punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.’ § 13A-5-9(a)(3).
“We conclude that the Alabama Habitual Felony Offender Act implicitly and effectively repeals Ala.Code 1975, § 15-22-27.2, *82 to the extent that § 15-22-27.2 conflicts with the HFOA.”
611 So.2d at 474.
As we said in Thomas, the HFOA authorizes a sentence of life imprisonment without the possibility of parole only upon conviction of a Class A felony after a defendant has been previously convicted of three felonies. By contrast, § 15-22-27.1 provides that a defendant who is convicted of “any act, or attempt to commit the act, of murder, rape, robbery or assault with a deadly weapon,” the commission of which “directly and proximately” resulted in serious physical injury to another, and who was sentenced to life imprisonment, would receive a sentence of life imprisonment without parole if he had one prior felony conviction within the past five years and that prior offense had resulted “in serious physical injury to another.” The language of § 15-22-27.1 generally encompasses convictions for certain Class A and Class B felonies. Under the HFOA a defendant convicted of a Class A felony with one prior felony conviction can only be “punished by imprisonment for life or for any term of not more than 99 year's but not less than 15 years.” § 13A-5-9(a)(3). A defendant convicted of a Class B felony with one prior felony conviction can only be punished for a Class A felony, that is, “for life or not more than 99 years but not less than 10 years.” §§ 13A-5-9(a)(2) and 13A-5-8(a)(l).
Just as we did in State v. Thomas, 611 So.2d at 474, we conclude that the Alabama Habitual Felony Offender Act “implicitly and effectively” repeals § 15-22-27.1, Code of Alabama 1975, to the extent that § 15-22-27.1 conflicts with § 13A-5-9. Thus, § 15-22-27.1 has no application to the appellant’s sentence of life imprisonment.
The trial court’s dismissal of Goldsmith’s petition is reversed and his case remanded to the Circuit Court for Montgomery County for relief consistent with this opinion.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.