McMillan, judge.
The appellant, Bobby E. Moore, Jr., appeals from the summary denial of his petition for writ of certiorari in which he challenged the decision of the Alabama Board of Pardons and Paroles to bar him from parole consideration. The appellant, an inmate in the Alabama prison system, received a letter from the Board stating, “The Alabama Board of Pardons and Paroles is not allowed to consider you for parole. Section 15-22-27.1 prohibits the Board from paroling you.” The appellant asks that this bar from parole consideration be lifted and that a parole eligibility date be set because, he argues, § 15-22-27.1, Ala.Code 1975, was implicitly repealed by the Habitual Felony Offender Act (“HFOA”), § 13A-5-9, Ala.Code 1975, and therefore has no application to his case.
Section 15-22-27.1, enacted in 1977, governs the appellant’s parole eligibility unless repealed by any subsequent provision. This statute provides:
“Any person convicted of any act, or attempt to commit the act, of murder, rape, robbery or assault with a deadly weapon, the commission of which directly and proximately resulted in serious physical injury to another and the commission of which follows within five years a previous conviction of another felony, or attempt thereof, resulting in serious physical injury to another, shall upon conviction serve such sentence as may be imposed without benefit of parole, notwithstanding any law to the contrary.”
The appellant was convicted of murder and first-degree robbery on September 16, 1983. He was subsequently convicted of first-degree assault on October 22, 1984, which caused serious physical injury and which was committed within five years of his conviction of murder and first-degree robbery. Pursuant to the HFOA, he was sentenced to 17 years’ imprisonment. Under the terms of § 15-22-27.1, he is to serve this sentence “without benefit of parole.”
The appellant, however, argues that the terms of the HFOA, enacted in 1979, conflict with the terms of § 15-22-27.1 and therefore implicitly repeal the earlier provision.
Arguing that the HFOA repeals § 15-22-27.1, the appellant cites State v. Thomas, 611 So.2d 472, 474 (Ala.Cr.App.1992), in which this court held that the HFOA did “implicitly and effectively repeal[] § 15-22-27.2 to the extent that § 15-22-27.2 conflicts with the HFOA.” Section 15-22-27.2, a companion statute of § 15-22-27.1 also enacted in 1997, provides:
“In all cases where a criminal defendant has been convicted of a Class A felony committed after a previous conviction of another Class A felony, and *538 such second conviction results in a sentence to imprisonment for life, he shall not be eligible for parole.”
This Court held in Thomas that the language in § 15-22-27.2 effectively required a sentence of life imprisonment without parole upon the commission of a Class A felony after the commission of another Class A felony. This language is inconsistent with the language of the HFOA requiring a sentence of “imprisonment for life or for any term of not more than 99 years but less than 15 years” for a defendant who commits a Class A felony after having already committed another felony. This Court held that the HFOA superseded § 15-22-27.2 and that the earlier statute requiring life imprisonment without parole upon the commission of a second Class A felony did not apply to Thomas. See Goldsmith v. Alabama Board of Pardons and Paroles, 724 So.2d 80 (Ala.Cr.App.1998).
The appellant argues that there is no reason to treat § 15-22-27.1, pursuant to which he was denied parole, any differently than § 15-22-27.2. He argues that the purpose of both statutes is to deny parole eligibility under certain circumstances. The appellant was sentenced under § 13A-5 — 9(b)(2) to “imprisonment for life or for any term of not more than 99 years but not less than 15 years”; he was sentenced to 17 years’ imprisonment. He argues that this sentence contemplates that he will be eligible for parole and, therefore, that it is inconsistent with the provisions of § 15-22-27.1, requiring a sentence be served without benefit of parole. According to the appellant, the application of § 15-22-27.1 to his sentence amounts to an unconstitutional sentence enhancement.
However, the terms of § 15-22-27.1 are not so inconsistent with the terms of the HFOA so as to have been repealed by that statute. This Court stated in Whatley v. Town of Priceville, 672 So.2d 1378, 1381 (Ala.Cr.App.1995):
“An 'implied repeal’ can occur only when the subsequent statute ‘contains provisions so contrary to or irreconcilable with those of the earlier statute that only one of the two statutes can stand in force.’ Black’s Law Dictionary 1299 (6th ed.1990).”
Furthermore, in Hunt v. State, 642 So.2d 999, 1014-15 (Ala.Cr.App.1993), this Court stated:
“It is a fundamental principle of judicial statutory construction that statutes should be read and construed in such a way as to give meaning to each of them, and to reconcile them if reasonable to do so. Schaefers v. Apel, 295 Ala. 277, 328 So.2d 274 (1976).”
Section 15-22-27.1 and the HFOA can be construed in such a way so that both statutes can coexist. Whereas the very purpose of § 15-22-27.1 is to deny parole eligibility upon the commission of certain offenses, the HFOA mentions the subject of parole eligibility only in § 13A-5-9(e)(3), Ala.Code 1975, requiring “imprisonment for life without parole” upon a conviction of a Class A felony after already having three prior felony convictions. It can be inferred from this language that the ordinary sentence of “life” under the HFOA requires parole consideration, because had the legislature desired to bar parole consideration in those situations it would have referred to “life without parole” as it did in § 13A-5-9(c)(3). However, we cannot presume that the legislature intended the same conclusion when referring in the HFOA to a sentence for a term of years. There is simply no evidence to conclude that the legislature meant to require parole eligibility in these circumstances. Therefore, while the HFOA requires a certain sentencing range, other statutes may affect a defendant’s punishment, so long as they do not alter the range set out in the HFOA. In the present case, denial of the appellant’s parole eligibility does not change the fact that his sentence is within the range applicable under the HFOA. Therefore, both § 15-22-27.1 and the HFOA can be applied in this case without altering the terms of either statute. The *539 terms of § 15-22-27.1 as applied to the appellant were not implicitly repealed by the passage of the HFOA. Therefore, the Board’s denial of the appellant’s parole eligibility pursuant to § 15-22-27.1 is due to be affirmed.
AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.