PITTMAN, Judge,
dissenting.
Because I disagree with the main opinion’s cónclúsión that' the juvenile court lacked jurisdiction'to enter the judgment from which the father has appealed, I respectfully dissent; I would reach the merits of the appeal.
Before its repeal by the Alabama Juvenile Justice Act of 2008 (“the AJJA”), Ala. Code 1975, § 12-15-101 et seq., the 1984 Child Protection Act, Ala.Code 1975, § 26-18-1 et seq. (“the CPA”), applied to proceedings in which termination of parental rights was sought. The CPA was intended “to provide meaningful guidelines to be used by the juvenile court in cases involving the termination of parental rights,” Ala.Code 1975, § 26-18-2 (repealed) (emphasis added), and 'provided, for the first time, that such a petition could “be filed by ... any ... parent, with permission of the court, or any interested party,” Ala.Code 1975, § 26-18-5(a) (repealed).' The CPA was held, in Ex parte Johnson, 474 So.2d 715 (Ala.1985), to reflect a legislative intent to allow parents to initiate termination actions, which, under former law (Ala.Code 1975, § 12-15-30(b)(6) (repealed)), were within the exclusive jurisdiction of the juvenile courts.
Did the enactment of the AJJA alter the formerly prevailing law under which parents could seek termination of parental rights in the juvenile court? A close review of the AJJA as a whole indicates no such intent. Former § 26-18-5 has been carried forward into the AJJA and codified at Ala.Code 1975, § 12-15-317, which states that “any ... parent ... may file a petition to terminate the parental rights of a parent or parents of a child.” Although the proper forum for filing such a petition is not therein stated, the Code sections that follow leave no doubt that the legislature intended that juvenile courts maintain their former exclusive jurisdiction to hear *186 such matters. Taken together, the succeeding sections of the AJJA provide (a) for service of process by publication to be ordered in particular circumstances by the juvenile court (§ 12-15-318), (b) that termination of parental rights may be ordered by the juvenile court upon a proper showing of grounds therefor (§ 12-15-319), and (c) that additional actions are authorized to be undertaken by the juvenile court upon a determination that parents are unwilling or unable to act as parents (§ 12-15-320). I glean from the AJJA’s repetitious references to the juvenile court in connection with disposition of cases in which termination of parental rights is sought, including cases in which a parent seeks such termination, that the legislature had no intent to deprive the juvenile court of its former exclusive jurisdiction to adjudicate a termination-of-parental-rights claim such as that advanced by the mother in this case.
THOMPSON, P.J., concurs.